**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

<u>Pandora Marketing LLC, Pandora Servicing LLC, Rich Folk, William Wilson</u>
Plaintiff                                                    Case # _____
                                                             Judge  _____

vs.

<u>Wyndham Vacation Ownership Inc, Wyndham Vacation Resorts Inc, Wyndham Resort</u>
<u>Development Corporation, Shell Vacations LLC, SVC Americana LLC, SVC Hawaii LLC</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☒ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

Composite Exhibit 1

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**      **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Eric B. Jontz             Fla. Bar # 64905
        Attorney or party                  (Bar # if attorney)

Eric B. Jontz                08/07/2023
  (type or print name)                Date

 Orange County Clerk - Court Records Search

## 2023-CA-014245-O : PANDORA MARKETING LLCet al. vs. WYNDHAM VACATION OWNERSHIP INCet al.

| | | | |
|---|---|---|---|
| Case Type: | CA - Breach of Agreement/Contract | Date Filed: | 8/7/2023 |
| Location: | Div 36 | UCN: | 482023CA014245A001OX |
| Judge: | A James Craner | Status: | Pending |
| Citation Number: | CA - Breach of Agreement/Contract | Appear By Date: | |

### Parties

| Name | Type | Attorney | Atty Phone |
|---|---|---|---|
| PANDORA MARKETING LLC | Plaintiff | ERIC JONTZ | 407-262-8400 |
| PANDORA SERVICING LLC | Plaintiff | | |
| RICH FOLK | Plaintiff | | |
| WILLIAM WILSON | Plaintiff | | |
| WYNDHAM VACATION OWNERSHIP INC | Defendant | | |
| WYNDHAM VACATION RESORTS INC | Defendant | | |
| WYNDHAM RESORT DEVELOPMENT CORPORATION | Defendant | | |
| SHELL VACATIONS LLC | Defendant | | |
| SVC AMERICANA LLC | Defendant | | |
| SVC HAWAII LLC | Defendant | | |

### Charge Details

| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |
|---|---|---|---|---|---|
| | | | | | |

### Docket Events

| Date | Description | Pages |
|---|---|---|
| 8/8/2023 | Summons Issued Electronically as to | 2 |
| | Comments: Emailed Atty | |
| 8/8/2023 | Summons Issued Electronically as to | 2 |
| | Comments: Emailed Atty | |
| 8/8/2023 | Summons Issued Electronically as to | 2 |
| | Comments: Emailed Atty | |
| 8/8/2023 | Summons Issued Electronically as to | 2 |
| | Comments: Emailed Atty | |
| 8/8/2023 | Summons Issued Electronically as to | 2 |
| | Comments: Emailed Atty | |
| 8/8/2023 | Summons Issued Electronically as to | 2 |
| | Comments: Emailed Atty | |
| 8/7/2023 | Streamlined Standing Case Management Plan/Order | 3 |
| 8/7/2023 | Complaint | 75 |
| | Comments: FOR BREACH OF CONTRACT | |
| 8/7/2023 | Civil Cover Sheet | 3 |
| 8/7/2023 | Case Initiated | |

## Hearings

| Date | Hearing | Time | Location | Pages |
|------|---------|------|----------|-------|

## Financial

| Date | Description | Payer | Amount |
|------|-------------|-------|--------|
| 8/7/2023 | Transaction Assessment | | 462.50 |
| 8/7/2023 | Payment | Fishback Dominick LLP | -462.50 |
| | | Balance Due: | 0.00 |

## Bonds

| Description | Status Date | Bond Status | Amount |
|-------------|-------------|-------------|--------|

## Warrants

| Number | Status Description | Issue Date | Service Date | Recall Date | Expiration Date | Warrant Type |
|--------|-------------------|------------|--------------|-------------|-----------------|--------------|

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION**

PANDORA MARKETING, LLC, a Wyoming
limited liability company; PANDORA
SERVICING, LLC, a Wyoming limited
liability company; RICH FOLK, an individual
and resident of the State of California;
WILLIAM WILSON, an individual and
resident of the State of California,

      Plaintiffs,

      v.                               Case No.: 23-CA-

WYNDHAM VACATION OWNERSHIP,
INC. a Delaware corporation; WYNDHAM
VACATION RESORTS, INC., a Delaware
corporation, WYNDHAM RESORT
DEVELOPMENT CORPORATION; an
Oregon Corporation; SHELL VACATIONS,
LLC, an Arizona limited liability company;
SVC-AMERICANA, LLC, an Arizona limited
liability company; and SVC-HAWAII, LLC, a
Hawaii limited liability company;

      Defendants.

_____/

## VERIFIED COMPLAINT FOR BREACH OF CONTRACT

    Plaintiffs, PANDORA MARKETING, LLC, PANDORA SERVICING LLC, RICH

FOLK, and WILLIAM WILSON (collectively "Plaintiffs" and "Pandora"), hereby sue

Defendants, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION

RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL

VACATIONS, LLC, SVC-AMERICANA, LLC, and SVC-HAWAII, LLC (collectively "Defendants" and "Wyndham").

1)      SUMMARY: This is a breach of contract action brought pursuant to a November 2, 2020 contract titled "Confidential Settlement Agreement As To Fee Award" and referred to herein as "Discovery Settlement Agreement," attached as Exhibit A. The Discovery Settlement Agreement settled certain litigation disputes between the Plaintiffs and Defendants in this case. The disputes arose during a litigation pending in Federal Court, wherein the Federal Court eschewed jurisdiction and declined to review the contract. By its terms any action brought pursuant to the Discovery Settlement Agreement may be brought in this court.

## JURISDICTION AND VENUE

2)      This Court has jurisdiction because the amount in controversy exceeds Fifty Thousand and 00/100 Dollars ($50,000.00), exclusive of interest and costs.

3)      Venue is proper under section 47.011, Florida Statutes, because the Defendants reside in Orange County, Florida, and the cause of action occurred in Orange County, Florida.

## PARTIES

A.      **Plaintiffs**

4)      Pandora Marketing, LLC is a limited liability company organized and existing under the laws of the State of Wyoming.

5)      Pandora Servicing, LLC is a limited liability company organized and existing under the laws of the State of Wyoming.

6)      Rich Folk is an individual and resident of the State of California.

7)      William Wilson is an individual and resident of the State of California.

2

B.    **Defendants**

8)     Wyndham Vacation Ownership, Inc. is a corporation with its principal place of business in Orange County, Florida.

9)     Wyndham Vacation Resorts, Inc. is a corporation with its principal place of business in Orange County, Florida.

10)    Wyndham Resort Development Corporation is a corporation with its principal place of business in Orange County, Florida.

11)    Shell Vacations LLC is a limited liability company with its principal place of business in Orange County, Florida.

12)    SVC-Americana, LLC is a limited liability company with its principal place of business in Orange County, Florida.

13)    SVC-Hawaii, LLC is a limited liability company with its principal place of business in Orange County, Florida.

14)    In particular, Ryan Morettini, Esq. is the "VP-Legal" for Wyndham, including all six of the aforementioned entities.

15)    Ryan Morettini, Esq. is a Florida Bar Admitted General Counsel with an Orlando Address.

16)    Further, the notice address under the Discovery Settlement Agreement for each Defendant is in Orlando.

17)    Thus, each Defendant is a resident of Florida for jurisdictional purposes.

3

## GENERAL ALLEGATIONS

18)     Plaintiffs and Wyndham are parties to the case styled *Wyndham Vacation Ownership, Inc., et al. v. Slattery, Sobel & Decamp, LLP, et al.*, Case No. 6:19-cv-01908 (M.D. Fla.). (the "Litigation")[1]

19)     During the Litigation, Pandora inadvertently produced 33 privileged documents due to the voluminous nature of the discovery exchanged. See Doc. 151 at 1.

20)     On August 28, 2020, Pandora partially discovered the inadvertent disclosures. *Id.*

21)     Pandora's counsel notified Wyndham's counsel that it had produced privileged documents and requested their return, pursuant to the Stipulated Confidentiality Agreement. *Id.* at 1; *Id.,* Exhibit B (Stipulated Confidentiality Agreement); *Id.,* Exhibit C (correspondence). Pandora's counsel re-analyzed the entire document production for other inadvertent disclosures.

22)     On September 10 and 11, 2020, Pandora identified additional inadvertent disclosures. *Id.* at 2. An amended privileged log was immediately served noting additional privileged documents inadvertently produced by Pandora. *Id.* at 2 and *Id.,* Exhibit D (Privilege log).

23)     Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), a party that inadvertently discloses privileged information is entitled to protection of the information pending resolution of any dispute over its confidentiality.

24)     Specifically, any receiving party is obligated to "return, sequester, or destroy the specified information and any copies it has; [and] must not use or disclose the information until the claim is resolved." *Id.*

---

[1] The Plaintiffs in this case are Defendants in the "Litigation." Citations to filings on the Litigation docket sheet are noted herein as "Doc."

4

25)     Further, the parties' Stipulated Confidentiality Agreement imposed a similar obligation. Doc. 145-2, Page 18-19, Section 9 ("INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.")

26)     Instead of returning or sequestering the documents, Wyndham inexplicably filed them on the public docket. Doc. 132 (now sealed, with exhibits).

27)     The Federal Court therefore struck the privileged documents and imposed sanctions on Wyndham. Doc. 210 at 8-9.

28)     Wyndham was sanctioned by the Federal Court in the Litigation and ordered to pay Pandora its fees. *Id.* at 9.

29)     In sanctioning Wyndham, the Federal Court determined that Wyndham's counsel, Shutts & Bowen, knowingly utilized Pandora's privileged and confidential documents in violation of the Rules of Civil Procedure. *Id.* at 7 ("Rather than returning the documents and litigating the privilege dispute based on information provided in the privilege log and through other, non-privileged sources, Plaintiffs decided to affirmatively utilize the documents to further the ends of their litigation strategy").

30)     Pandora's estimated fees were approximately $90,000 at that time.

31)     Pandora and Wyndham entered into a Confidential Discovery Settlement Agreement As To Fee Award, dated November 2, 2020 (the "Discovery Settlement Agreement").

32)     A copy of the Discovery Settlement Agreement is attached as Exhibit "A."[2]

33)     The Discovery Settlement Agreement is effective November 1, 2020.

34)     The Discovery Settlement Agreement is dated November 2, 2020.

---

[2] The Plaintiffs in this case include the "Marketing Defendants" referenced in the "Discovery Settlement Agreement."

35)     The Discovery Settlement Agreement bars Wyndham from using issues raised on or prior to October 5, 2020 at paragraph 3.

36)     The Discovery Settlement Agreement contains a non-waiver provision at paragraph 15.

37)     The Discovery Settlement Agreement arises from Wyndham's improper conduct in the Litigation.

38)     In the Litigation, Pandora and co-defendant Intermarketing Media, LLC (collectively "Marketing Defendants") had no counsel of record when the Discovery Settlement Agreement was negotiated, so they engaged counsel in California for the limited purpose of negotiating with Wyndham's Litigation counsel Shutts & Bowen.

39)     In the Discovery Settlement Agreement, Wyndham negotiated to pay the Marketing Defendants a reduced sanctions fee of $45,000; obtained the right to further depose Pandora's principals Rich Folk and William Wilson; and the right to avoid the disqualification of its lawyers, Shutts & Bowen, due to their sanctionable conduct.

40)     In exchange, Wyndham agreed that all discovery problems predating the Discovery Settlement Agreement would be settled and off limits to future motion practice.

41)     In other words, any real or alleged deficiency, violation or mistake committed before the Discovery Settlement Agreement could never again be used to seek sanctions against Pandora, or its counsel. The Discovery Settlement Agreement, therefore, incorporated by reference Wyndham's initial sanctions motion, Doc. 132, without which an understanding of the Discovery Settlement Agreement was not possible. Ex. A ("WHEREAS, Wyndham filed its Motion for Sanctions against the Marketing Defendants and their Attorneys ("Sanctions Motion") (Doc. 132), seeking various sanctions against both the Marketing Defendants and their counsel;").

6

42)    Doc. 132 was sealed and removed from the Litigation docket by the Federal Court in the Litigation as it referenced Pandora's privileged documents.

43)    Notably, the terms of the Discovery Settlement Agreement were negotiated when the Marketing Defendants had no counsel of record in the Litigation. And the Discovery Settlement Agreement was not made known to the Federal Court, only the fact that the parties had settled the matter. See Doc. 242.

44)    After its execution, Pandora's principals only knew that Wyndham's request for sanctions had backfired and resulted in Wyndham having to pay sanctions to the Marketing Defendants. The importance of the terms barring re-litigation of settled issues contained in the Discovery Settlement Agreement were not appreciated by Pandora's principals. And the California counsel who negotiated the Discovery Settlement Agreement was not, thereafter, counsel to Pandora in Litigation.

45)    About a month after the negotiation of the Discovery Settlement Agreement, Pandora hired new Litigation counsel, Houston Park, Esq. of Klein Park & Lowe.

46)    Per Alfred J. Bennington, Jr., Esq., Wyndham's senior outside counsel at Shutts & Bowen, Mr. Bennington and his colleague Glennys Ortega Rubin, Esq. informed Mr. Park of the Discovery Settlement Agreement soon after he appeared for Pandora. Mr. Park has declared in sworn declarations that Mr. Bennington only told him that there was a confidential settlement of fees related to a sanctions matter. Mr. Park is clear that neither Mr. Bennington, nor anyone from Shutts & Bowen, ever told him about the terms of the Discovery Settlement Agreement, which prohibited the use of settled issues. See Exhibit E (declarations and communication of Mr. Park).

47)    No Shutts & Bowen lawyer or staff ever gave Mr. Park a copy of the Discovery Settlement Agreement.

48)     No Shutts & Bowen lawyer or staff ever gave Mr. Park a copy of Doc. 132, Wyndham's initial motion for sanctions.

49)     Wyndham's initial motion for sanctions (Doc. 132) had been removed from the docket when Mr. Park entered the case.

50)     Doc. 132 is needed to understand the specific issues that the parties agreed to settle in the Discovery Settlement Agreement.

51)     Wyndham's counsel Shutts & Bowen failed to accurately and fully advise Pandora's new Litigation counsel, Mr. Park, of the relevant terms of the Discovery Settlement Agreement.

52)     Houston Park litigated Wyndham's second motion for sanctions (Doc. 500), and related matters, without raising objections to Shutts & Bowen's use of issues barred by the Discovery Settlement Agreement, because Mr. Park was not aware of the terms of the Discovery Settlement Agreement.

53)     Wyndham's Litigation counsel, Shutts & Bowen, exploited its informational advantage, by continually raising issues barred by the Discovery Settlement Agreement to advocate for sanctions and default, knowing that neither the Federal Court nor Pandora's counsel were aware of the central terms of the Discovery Settlement Agreement.

54)     Wyndham's counsel, Shutts & Bowen, leveraged its informational advantage to violate the Discovery Settlement Agreement's terms without rejoinder.

55)     The Federal Court entered the sanction of default against Pandora, in pertinent part, due to Wyndham's repeated violation of the Discovery Settlement Agreement.

8

56)     After Houston Park withdrew from the Litigation, Pandora retained new case counsel, John Bennett of Nardella & Nardella in Orlando and Patrick A. Bradford of Bradford Edwards & Varlack, LLP in New York City.

57)     During Messrs. Bennett and Bradford's representation, and in connection with investigating a potential offset of sanctions issued against the Marketing Defendants, Mr. Bennett sought a copy of the Discovery Settlement Agreement.

58)     Houston Park was unable to provide a copy to Messrs. Bennett and Bradford.

59)     So too Pandora's principals, who pointed Bennett and Bradford to the California counsel.

60)     Eventually the California counsel who negotiated the Discovery Settlement Agreement on behalf of the Marketing Defendants was able to provide the agreement to Messrs. Bennett and Bradford.

61)     Thereafter, Mr. Bennett asked Shutts & Bowen attorney Michael Quinn for a copy of Doc. 132, Wyndham's initial sanctions motion.

62)     Michael Quinn refused to produce Doc. 132 to Mr. Bennett, stating that the document was confidential.

63)     Messrs. Bennett and Bradford were finally able to secure a copy of Doc. 132 from the Marketing Defendants' California counsel.

### Wyndham's Repeated Violations of the Discovery Settlement Agreement

64)     Since the execution of the Discovery Settlement Agreement, Wyndham repeatedly violated its terms.

65)     Thus, Wyndham did not abide by the Discovery Settlement Agreement, instead it referenced settled issues the very next time it resorted to seeking relief from the Federal Court in connection with discovery issues. Doc. 500.

66)     These circumstances, including the Federal Court's ignorance of the Discovery Settlement Agreement, and Shutts & Bowen's refusal to inform Mr. Park of its relevant terms, enabled Wyndham to continue to violate the Discovery Settlement Agreement without the Federal Court's and without Pandora's knowledge.

67)     As a consequence of Wyndham's breaches, Pandora was disadvantaged, harmed and damaged.

68)     The Discovery Settlement Agreement barred numerous matters from consideration in future motion practice.

69)     However, Wyndham was able to repeatedly smuggle barred issues back into the Litigation due to the Federal Court's and Pandora's counsel's ignorance of the terms of the Discovery Settlement Agreement.

70)     Specifically, in the Discovery Settlement Agreement, Wyndham agreed not to seek sanctions against Pandora and/or their counsel in connection with any issues raised in the previous discovery motions and disputes or issues raised that accrued on or prior to October 5, 2020. Exhibit A, para. 3.

71)     However, Wyndham breached the terms of the Discovery Settlement Agreement and relied upon issues that were barred by the Discovery Settlement Agreement in seeking later relief, including default against Pandora.

72)     For example, at a June 9, 2021 hearing, Wyndham relied upon problems dating from 2020 to justify its position. Doc. 455, Page 7:7-8 ("Throughout 2020 we were stonewalled in discovery.")

73)     Wyndham also complained about the status of document productions back in 2020 before the Discovery Settlement Agreement. Doc. 455, Page 7:12-14, 21-23.

74)     In fact, Wyndham specifically linked events dating back before the Discovery Settlement Agreement to the upcoming Sanctions Motion (Doc. 500):

> The depositions of Mr. Folk and Mr. Wilson were taken back, like I said, August of 2020. We didn't have the benefit of any of those documents back then, and we've since gone through all of 2021 without any of those documents. Much of this is probably going to be the subject of an additional sanctions motion where we seek fairly significant sanctions.

Doc. 455, Page 8: 5-10.

75)     Wyndham relied upon supposed discovery defaults that occurred before Pandora was even joined in the lawsuit, long before the Discovery Settlement Agreement:

> Moreover, they never preserved the call recordings that we had requested back in April until at least May or June of 2020. So we went through October of 2019 where all of the Defendants were aware we were going to be suing Pandora to January when we actually sued Pandora to April when we requested the call recordings. So it took them until at least May or June for them to even collect the call recordings.

Doc. 455, Page 15:3-9, see also Page 19:12-13 (arguing that "May or June of 2020, it was too late at that point.")

76)     Even the Federal Court recognized that the discovery problems in 2021 stemmed from issues that arose prior to Mr. Park's involvement in the case.

77)     For example, the Federal Court stated:

> THE COURT: I understand the position you're in, Mr. Park. I think we've recognized this all along, given when you came into the case and what was done previously, and you're inheriting a lot of these problems . . .

11

Doc. 455, Page 27:24-28:2.

78)     Even Pandora took the position that the problems stemmed from issues prior to the Discovery Settlement Agreement. Doc. 455, Page 31:4-5 ("We're doing everything we can to make up for what should have been done a year ago, but regrettably was not, apparently.")

79)     Park's involvement in the Litigation began just after the Discovery Settlement Agreement was executed. Doc. 247 (Park Notice of Appearance), filed November 11, 2020.

80)     The parties had notified the Federal Court of the resolution of Pandora's motion for sanctions against Wyndham just days earlier. Doc. 242 (Stipulation Resolving Attorney Fees)

81)     This resolution was accomplished by the Discovery Settlement Agreement.

82)     Wyndham filed additional motions for sanctions against Pandora based in whole or in part on matters barred by the Discovery Settlement Agreement. Doc. 435 (Wyndham seeking reimbursement) and Doc. 500 (Wyndham seeking default against Pandora).

83)     Wyndham's arguments in the Litigation in the additional motions for sanctions against Pandora violated the clear terms of the Discovery Settlement Agreement.

84)     On July 22, 2021, Wyndham filed a Second Motion for Sanctions in the Litigation. ("Second Sanctions Motion"). Doc. 500.

85)     Wyndham's Second Sanctions Motion included numerous improperly argued issues and matters barred by the Discovery Settlement Agreement.

86)     For example, the very first page of the Second Sanctions Motion stated that "Wyndham has been before this Court many times *since June 2020* to compel the Defendants to produce the discovery . . ." Doc. 500, Page 1 (emphasis supplied).

87)     Wyndham also alleged loss of evidence that would have occurred not later than the first half of 2020, long before execution of the Discovery Settlement Agreement. Doc. 500, Page

2 ("Wyndham is further prejudiced in that—despite being on notice since as early as October 2019, when this action was filed— and having received formal discovery requests for these materials in April 2020 - Defendants failed to preserve certain key records. There is no comparable replacement for such spoliated evidence.").

88)     In the alternative, any failure to produce available call recordings that were later deemed lost was complained about by Wyndham prior to execution of the Discovery Settlement Agreement. Doc. 132, Page 13.

89)     In its Second Sanctions Motion, Wyndham specifically referred to the blow by blow of discovery actions, much of which predated the Discovery Settlement Agreement. Doc. 500, Pages 5-10 (detailing actions from 2019 through September 2020). Wyndham's July 22, 2021 blow by blow account was barred by the Discovery Settlement Agreement.

90)     Further, Wyndham recited numerous motions and orders regarding discovery that long predated the Discovery Settlement Agreement. Doc. 500, Pages 6-7 (citing Docs. 82, 83, 85, 86, 87, 88, 89, 106, and 108)

91)     Wyndham then complained about an August 2020 production, which again long predated the Discovery Settlement Agreement. Doc. 500, Pages 7-8.

92)     The Second Sanctions Motion also repeatedly emphasized discovery issues predating October 5, 2020, which were precluded by the Discovery Settlement Agreement, even when discussing later problems. See e.g. Doc. 500 Pages 15-16, 17-18, 19-20, 23-24, 25.

93)     In fact, on balance, the overwhelming emphasis of the Second Sanctions Motion is on acts that were either performed or that Wyndham contends should have been performed prior to the Discovery Settlement Agreement.

94)     Thus, the discussion of acts and omissions predating the Discovery Settlement Agreement was not merely incidental or contextual.

95)     Lastly, Wyndham demanded attorney fees for motions dating back to the beginning of the case, without any differentiation or deduction for matters that arose prior to matters resolved by the Discovery Settlement Agreement. Doc. 500, Page 34.

96)     Instead, Wyndham affirmatively sought relief regarding problems that were barred by the Discovery Settlement Agreement, and thereby violated the Discovery Settlement Agreement.

97)     Wyndham did not acknowledge, let alone explain, its repeated violations of the Discovery Settlement Agreement in its Second Sanctions Motion.

98)     On August 11-12, 2021, the Federal Court conducted a two-day hearing on the Second Sanctions Motion.

99)     During the two-day hearing, Wyndham's arguments included many issues and matters barred by the Discovery Settlement Agreement.

100)    For example, in his introductory remarks, Michael Quinn, counsel for Wyndham, immediately began by pointing to discovery problems as early as August 3, 2020, months before execution of the Discovery Settlement Agreement. Doc. 533, Page 7:4-7.

101)    The very first witness at the August 11, 2021 Sanctions Hearing was induced to testify to matters beginning in "spring of 2020." Doc. 533, Page 11:13.

102)    This witness also testified about discovery problems with Intermarketing Media, LLC ("Intermarketing") in August of 2020. Doc. 533, Page 21:3-5.

103)    Intermarketing is another party to the Litigation and is a party to the Discovery Settlement Agreement.

14

104)     Wyndham also introduced evidence regarding deadlines and depositions in August 2020, predating the Discovery Settlement Agreement. Doc. 533, Page 23:11-24:12.

105)     In fact, according to Wyndham, evidence had been lost and Wyndham had been informed of the same no later than August 19, 2020. Doc. 533, Page 22:22-23:1.  Again, this line of inquiry was precluded by the Discovery Settlement Agreement.

106)     During the cross examination of Pandora Employee Catherine Tan by counsel for Wyndham, Wyndham repeatedly asserted that Pandora had failed to preserve call recordings in 2019 and early 2020. See e.g. Doc. 533, Page 159:8-1-164:18 (belaboring such alleged failures). Alleging these discovery failures was precluded by the Discovery Settlement Agreement.

107)     In fact, during closing arguments at the sanctions hearing, counsel for Wyndham alleged "discovery misconduct" arising prior to Attorney Park's appearance in the case. E.g. Doc. 536, Page 40:16-41:1.  Attorney Park appeared in the case on November 11, 2020.  Doc. 247. Attorney Park's appearance post-dated the Discovery Settlement Agreement executed on November 2, 2020.  The Discovery Settlement Agreement precluded alleging any "discovery misconduct" predating Attorney Park's appearance.

108)     In fact, counsel for Wyndham traced all of the problems in the case back to Pandora's supposed failure to follow the Federal Court's "initial order, document 108," which long predated the Discovery Settlement Agreement. Doc. 536, Page 41:19-23.

109)     Further, during the cross-examination of a paralegal at a firm that formerly represented Pandora, counsel for Wyndham again belabored discovery problems resolved by and precluded by the Discovery Settlement Agreement. See e.g. Doc. 536, Page 28:17-22.

110)     On August 26, 2021, Wyndham filed their post-hearing brief in support of their motion for sanctions. Doc. 547.

111)     Wyndham's post-hearing brief improperly included many issues and matters barred by the Discovery Settlement Agreement. Doc. 547.

112)     For example, the brief referred again to numerous Orders and supposed discovery problems that predated the Discovery Settlement Agreement. Doc. 547, Page 2 (citing Docs. 108 (July 6, 2020) and 198 (Sept. 22, 2020)), Page 3 (citing problems occurring between April and August 2002); Page 6 (again referring to Doc. 108 (July 6, 2020) and claiming that Pandora Marketing, LLC deleted call recordings, presumably prior to the Discovery Settlement Agreement); Pages 6-7 (claiming that Intermarketing wrongfully operated under the "Pandora umbrella" for purposes of discovery compliance and attributing supposed Pandora missteps to Intermarketing); Page 12 (again referring to loss of recordings that occurred before the Discovery Settlement Agreement was signed); Page 12 (demanding fees based upon Docs. 82, 83, 85-88, 118, all of which predate the Discovery Settlement Agreement).

113)     The culmination of these violations caused severe harm to Pandora.

114)     On November 10, 2021, the Magistrate Judge assigned to the Litigation issued a Report & Recommendation suggesting default be entered against Pandora, finding that no lesser sanction was appropriate.  Doc. 599.

115)     The Magistrate's findings were, in pertinent part, based on Wyndham's improper advocacy of issues and matters barred by the Discovery Settlement Agreement.

116)     Notably, however, the Magistrate Judge recommended that expenses and fees related to Docs. 82, 85, 86, 87, 118 and 127 on the Federal Docket be excluded. *Wyndham Vacation Ownership v. Slattery, Sobel & Decamp*, 19-cv-1908, 2022 WL 8217011 at *5 (M.D. Fla. July 22, 2022) (Kidd, M.J.).

16

117)   On January 18, 2022, the District Judge affirmed the Magistrate's Report & Recommendation "entirely." Doc. 689, Page 10.

118)   In doing so, the Federal Court repeatedly referred to discovery problems that predated the Discovery Settlement Agreement which waived any violations. See e.g. Doc. 689, Page 5, citing Docs. 82-1, 85-1, 86-1, 87-1, 88-1, 108.

119)   The Federal Court also referred to discovery problems from 2019 to 2020 involving Intermarketing in its Ruling adopting the Report and Recommendation. Doc. 689, Page 7.

120)   Defaults were entered against Pandora on January 19, 2022, striking Pandora's defenses and accepting all allegations in Wyndham's complaint as true.  Doc. 689, Page 11, Docs. 691, 692, 693, 694.

121)   When the Discovery Settlement Agreement was discovered by Pandora's new counsel, Messrs. Bennett and Bradford, Pandora sought sanctions against Wyndham for violating the Discovery Settlement Agreement, including the vacatur of the default Doc. 799.[3] Pandora filed this motion on May 26, 2022.  Doc. 799.

122)   The Magistrate Judge issued a Report and Recommendation (July 22, 2022) holding that the Court lacked jurisdiction to consider the Discovery Settlement Agreement.  Doc. 841, Page 9-12.

123)   The Federal Court adopted the Report and Recommendation to the extent indicated, denying Pandora's Motion for Sanctions. Doc. 869 (Sept. 16, 2022).

---

[3] In the briefing and Orders in the Litigation, the Discovery Settlement Agreement is referred to as the "Confidential Settlement Agreement," or "CSA."

124)    In doing so, the Federal Court ruled that there was no need to address jurisdiction over the Discovery Settlement Agreement, and therefore did not consider the agreement or construe its terms in the ruling. Doc. 869, Page 4-5.

125)    Further, the Federal Court noted that the "fact that Plaintiffs agreed not to seek sanctions for such failures that occurred prior to October 5, 2020, does not restrict them from seeking sanctions for future violations even if related to discovery sought and not received prior to October 5, 2020." *Wyndham Vacation Ownership v. Slattery, Sobel & Decamp*, 19-cv-1908, 2022 WL 4285897 at *2 (M.D. Fla. September 16, 2022) (Berger, D.J.).

126)    For a default to be entered against a party, a federal court must engage in factfinding and legal analysis and conduct a hearing.

127)    In the Litigation, the only factfinding and legal analysis performed by the Federal Court involved issues that were barred by the Discovery Settlement Agreement.

128)    Although the Federal Court indicated in passing that it might have issued sanctions, even if Wyndham had not argued matters that were barred by the Discovery Settlement Agreement, such a claim is dicta, because the Magistrate did not engage in such analysis, and the Federal Court held that the Discovery Settlement Agreement was not before it. Importantly, as a legal matter it would not possible for the Federal Court to determine that Wyndham was entitled to the sanction of default, as opposed to a lesser sanction, if Wyndham had not repeatedly violated the Discovery Settlement Agreement.

129)    Thus, Wyndham's violation of the Discovery Settlement Agreement caused the Federal Court to enter a default against Pandora.

130)    The default, as a matter of law, deemed all allegations in Wyndham's Complaint as true.

18

131)    The default procured by breach of the Discovery Settlement Agreement, caused consequential damages to Pandora.

132)    Further, the default caused by breach of the Discovery Settlement Agreement continues to cause consequential damages to Pandora in the form of attorney fees and the potential for further judgment(s) or injunction(s) by the Federal Court.

133)    The defaults and damages to Pandora were a direct and proximate result of Wyndham's breaches of the Discovery Settlement Agreement.

134)    Wyndham repeatedly and systematically breached the Discovery Settlement Agreement.

135)    Based upon Wyndham's submissions, the Report and Recommendation resulting in the default repeatedly referred to acts that occurred prior to the signing of the Discovery Settlement Agreement.

136)    For example, the Report and Recommendation referred to documents that were lost due to errors by Pandora or its vendors. Doc. 599, Page 8, citing Doc 122-1.

137)    The Report and Recommendation also referred to searches that should have been conducted starting in June 2020, months before the Discovery Settlement Agreement. Doc. 599, id. at 9.

138)    In that same Report and Recommendation, the Federal Court relied upon Wyndham's complaints about numerous discovery problems from 2019 through and August 27, 2020, all months prior to the Discovery Settlement Agreement. Doc. 599, Page 10, citing Doc. 500 at 20-21.

139)    Further, the Report and Recommendation referred to numerous Orders issued prior to the effective date of the Discovery Settlement Agreement. Doc. 599, Page 3, Paras 1 and 2

(referring to orders issued prior to November 2020), Page 7 (referring to first order issued in July 2020), Pages 17-18 (ordering fees in connection with orders issued prior to November 2020).

140) This litany is not a complete recitation of all of the improper references by Wyndham to barred issues in its attempts to procure rulings against Pandora based upon discovery problems that were resolved in the Discovery Settlement Agreement.

### Pandora's Discovery of the Breaches of the Discovery Settlement Agreement

141) Wyndham hid and misrepresented the material terms of the Discovery Settlement Agreement from Pandora's counsel from November 2020 through February 2022.

142) Shortly after the Discovery Settlement Agreement was executed, new counsel appeared for Pandora in the Litigation, that new counsel was Houston Park, Esq. of Klein Park & Lowe.

143) Wyndham proceeded to hide the Discovery Settlement Agreement from Pandora's counsel, raised issues settled under the Discovery Settlement Agreement, and urged those issues upon the Federal Court without revealing that the issues had been waived.

144) For more than a year, Wyndham used barred issues in pursuit of sanctions and entry of a default against Pandora.

145) In doing so, Wyndham concealed their own breaches of the Discovery Settlement Agreement by not advising the Federal Court of the barred issues and by refusing to provide a copy of the Discovery Settlement Agreement to Pandora's counsel.

146) Until Pandora's counsel discovered the Discovery Settlement Agreement and Doc. 132 (Wyndham's initial sanctions motion) in February 2022, Wyndham's counsel repeatedly exploited its information gap in order to harm Pandora.

147)   After Pandora's counsel learned of the barred issues under the Discovery Settlement Agreement, and after the default was entered against Pandora, Pandora petitioned the Federal Court for relief from the default.

148)   The Federal Court, however, declined to assert jurisdiction over enforcement of the Discovery Settlement Agreement.

149)   In fact, the Federal Court stated in its Report and Recommendation that "any alleged violation of the [Discovery Settlement Agreement] by [Wyndham] is just like a claim for a violation of any other settlement agreement, *which would be appropriately enforced in state court*." Doc. 841, Pages 11-12. (Emphasis supplied.)

150)   Further the Federal Court stated in its Report and Recommendation that if the Federal Court considered the Discovery Settlement Agreement, that it should exclude numerous attorney fees, including those "expenses and fees related to Docs. 82, 85 86, 87, 88, 118, and 127." Doc. 841, Page 12.

151)   Thus, the Federal Magistrate Judge has found that the majority of the attorney fees awarded against Pandora (listed in the preceding paragraph) were not awardable under the Discovery Settlement Agreement because Wyndham had agreed not to seek sanctions as to activity performed prior to that date. Doc. 841, Page 12.

152)   All conditions precedent to the maintenance of this action have occurred.

153)   Pandora has retained the undersigned and other counsel and is obligated to pay a reasonable fee for their services.

## COUNT I – BREACH OF CONTRACT

154)     Pandora realleges and incorporates herein by reference each General Allegation above as if fully set forth herein.

155)     Pandora and Wyndham entered into the Discovery Settlement Agreement.

156)     Pandora fully performed under the Discovery Settlement Agreement.

157)     Wyndham materially breached and defaulted under the Discovery Settlement Agreement by failing to adhere to the duties and obligations imposed by Section 3, including by raising waived, settled and barred discovery violations in the Litigation to obtain a default against Pandora as to liability that was entered on January 19, 2022.

158)     Wyndham also materially breached under the Discovery Settlement Agreement by seeking and obtaining attorney fees based upon work performed, motions filed, and real or alleged discovery problems occurring prior to the effective date of the Discovery Settlement Agreement, which waived any such right to seek sanctions or fees.

159)     Wyndham's misconduct in the Litigation prevented the Federal Court from fairly evaluating the sanctions request and assertions of prejudice; and prevented Pandora from fully and fairly presenting their case in the Litigation.

160)     As a direct and proximate result of Wyndham's material breaches of the Discovery Settlement Agreement and wrongful conduct, Pandora has been damaged by incurring attorneys' fees, costs, and expenses, and by incurring liability for a possible damages judgment that is to be entered by the Federal Court in the Litigation.

161)     Any damages award in the Litigation is the proximate cause of the default. Even if the Federal Court Litigation would have proceeded to trial, Wyndham would not have obtained a damages award, because Wyndham would have dropped its claims to damages and elected to

proceed on equitable relief alone, as it did in the remaining portion of the trial in the Litigation against the Lawyer co-Defendants. Docs. 937, 939, 941, 943.

162)    Because Wyndham clearly would have made the same routine move in the Litigation against Pandora, any monetary judgment is directly and proximately caused by the default which resulted from Wyndham's breach of the Discovery Settlement Agreement.

163)    The default resulting from Wyndham's breaches of the Discovery Settlement Agreement also exposes Pandora to a potentially ruinous injunction, the harm from which also entitles Pandora to damages.

164)    Further, Pandora waived approximately $200,000 of incurred attorney fees that it was claiming as arising out of Wyndham's use of privileged documents, and which Wyndham instead resolved for a much lesser sum.

165)    The Federal Court had already determined that Pandora was entitled to attorneys' fees from Wyndham and had left determination of amount for negotiations or further proceedings.

166)    Because Wyndham did not perform its obligations under the Discovery Settlement Agreement, Pandora was damaged in the amount of fees that it waived.

167)    Pandora has also incurred attorney fee liability to Wyndham based upon the latter's improper inclusion of motions filed and work performed that predated the Discovery Settlement Agreement.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages, plus interest, costs and attorney fees pursuant to Section 9 of the Discovery Settlement Agreement, and all other relief that this Court deems proper.

## VERIFICATION

Under penalties of perjury, I declare that I have read the Verified Complaint for Breach of

Contract, that I agree with the document, and that the facts stated therein are true.

Date: 8/4/2023

Patrick A. Bradford, Esq.

Date: 8/4/2023

William Wilson

Date: 8-4-2023

Rich Folk

(Verification made pursuant to Fla. Stat. § 92.525(2), see *State v. Shearer*, 628 So.2d 1102 (1993) ("In addition to a notarized oath such as the one in rule 3.987, however, section 92.525, Florida Statutes (1991), provides that a signed declaration can substitute for a notarized oath if it contains the following language: 'Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true.'"))

Dated this 7th day of August, 2023.

Respectfully Submitted,

/s/Michael Paul Beltran
MICHAEL P BELTRAN
Fla. Bar No. 0093184
BELTRAN LITIGATION, P.A.
4920 West Cypress St.
Suite 104 PMB 5089
Tampa, Florida 33607
Phone:  (813) 870-3073
Primary email: mike@beltranlitigation.com

*Counsel for Plaintiffs*


/s/ Eric B. Jontz
ERIC B. JONTZ
Florida Bar No. 64905
FISHBACK DOMINICK LLP
1947 Lee Road
Winter Park, Florida 32789-1834
Telephone:  (407) 262-8400
Facsimile:  (407) 262-8402
Primary email:   ejontz@fishbacklaw.com
Secondary email: cgeorge@fishbacklaw.com

*Counsel for Plaintiffs*

CG S:\EBJ\1 Eric Jontz\1 - Eric Jontz CLIENTS\Pandora Marketing, et al. - Wyndham P555-27470\PANDORA\Complaint drafts\Complaint - Final.docx

## CONFIDENTIAL SETTLEMENT AGREEMENT AS TO FEE AWARD

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AS TO THE COURT'S OCTOBER 2, 2020 ORDER (DOC. 210) AND RELATED FEE AWARD only (the "Agreement") is entered into this 1st day of November, 2020 (the "Effective Date"), by and between Wyndham Vacation Ownership, Inc., Wyndham Vacation Resorts, Inc., Wyndham Resort Development Corporation, Shell Vacations, LLC, SVC-West, LLC, SVC-Americana, LLC, and SVC-Hawaii, LLC (hereinafter collectively, "Wyndham"), and Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, and William Wilson (collectively "Pandora Defendants") and Intermarketing Media, LLC ("Intermarketing") (Pandora Defendants and Intermarketing, together, the "Marketing Defendants") (Wyndham and the Marketing Defendants, individually, a "Party," or, collectively, the "Parties").

### RECITALS

**WHEREAS**, Wyndham filed its Amended Complaint for Damages and Injunctive Relief (Doc. 36) in the United States District Court for the Middle District of Florida, styled *Wyndham Vacation Ownership, Inc., et al v. Slattery, Sobel & Decamp, LLP, et al.*, Case No. 6:19-cv-01908 (the "Litigation") which asserted claims against the Marketing Defendants;

**WHEREAS**, Wyndham filed its Motion for Sanctions against the Marketing Defendants and their Attorneys ("Sanctions Motion") (Doc. 132), seeking various sanctions against both the Marketing Defendants and their counsel;

**WHEREAS**, following a hearing on the Sanctions Motion on September 17, 2020, the Court entered an Order on October 2, 2020 (Doc. 210) (the "Order"), which provided, in relevant part, that Wyndham was ordered to pay the reasonable expenses, including attorney's fees, that the Marketing Defendants incurred in responding to Wyndham's Sanctions Motion. The Order further provided that the Parties were directed to meet and confer on this particular issue, and, if the Parties were unable to agree on the amount of reasonable expenses, the Marketing Defendants were required to file a motion seeking such expenses on or before November 2, 2020;

**WHEREAS,** while the Order provided that the Sanctions Motion was stricken, Wyndham was granted leave to refile its Sanctions Motion under certain conditions, as specified in the Order; and

**WHEREAS,** the Parties now wish to enter into this Agreement to memorialize the terms and conditions upon which the Marketing Defendants' entitlement to reasonable fees and expenses, as contemplated by the Order, and Wyndham's entitlement to refile its Sanctions Motion, will both be fully resolved;

**NOW, THEREFORE**, for and in consideration of the payments referenced herein, and other valuable consideration, received by each party from the other party, the receipt and sufficiency of which are hereby irrevocably acknowledged by all Parties hereto, the Parties hereby agree as follows:



## TERMS AND CONDITIONS

1.   **Recitals.**  The foregoing Recitals are true and correct and are incorporated herein as if fully set forth herein.

2.   **Settlement Compensation.**   As full and final settlement of any expenses, including any attorney's fees or costs, that the Marketing Defendants are or may be entitled to as contemplated by the Court's Order, Wyndham shall pay the total sum of **Forty-Five Thousand Dollars ($45,000.00)** ("Settlement Amount") to the Marketing Defendants. The Settlement Amount shall be paid by check drafted by either Wyndham or its counsel, Shutts & Bowen, P.A., and made payable to the "Trust Account of Frank Sims & Stolper, LLP and in Trust for Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson and Intermarketing Media, LLC." The Parties agree that Frank Sims & Stopler, LLP will hold such funds, jointly, in trust, for the Marketing Defendants. Wyndham or its counsel shall tender payment of the Settlement Amount to Frank Sims & Stolper, LLP c/o Andrew D. Stolper, Esq. 19800 Macarthur Boulevard, Suite 855, Irvine, CA 92612, within fourteen (14) business days of the full execution of this Agreement.

3.   **Waiver of Sanctions Motion.** Wyndham agrees not to seek sanctions against the Marketing Defendants and/or their counsel in connection with any issues raised in and/or by the Sanctions Motion, which issues raised accrued on or prior to October 5, 2020. To be clear and avoid doubt, nothing herein shall prevent any Party from seeking discovery orders or other relief, including sanctions, attendant to matters not addressed in the previously filed Sanctions Motion and/or related to future discovery disputes between the Parties that relate to issues that accrued on or after October 5, 2020.

4.   **No Disqualification of Wyndham's Counsel.** The Marketing Defendants stipulate and agree that they will not, at any point, including in the future, seek to disqualify Shutts & Bowen, LLP and/or any attorney of Shutts & Bowen, LLP based upon any alleged acts or omissions of Shutts & Bowen, LLP and its attorneys which accrued in this Litigation prior to October 5, 2020.  In particular, the Marketing Defendants stipulate and agree not to seek the disqualification of Shutts & Bowen, LLP or any of its attorneys based upon any alleged violation of the attorney-client privilege, Rule 26(b)(5)(B), the parties' Confidentiality Agreement, or otherwise arising out of Shutts & Bowen, LLP or its attorneys' review, handling, or knowledge of any alleged attorney-client privileged communications disclosed, revealed, or otherwise inadvertently produced by the Marketing Defendants in this Litigation prior to October 5, 2020.

5.   **Compliance with Destruction Obligations.** The Parties further jointly represent and warrant that prior to the Court's October 7, 2020 deadline, Wyndham complied with and certified compliance with its destruction of documents obligations, as required by the Order.

6.   **Continued Depositions of the Marketing Defendants.**   The Marketing Defendants agree that, if requested by Wyndham, the depositions of Rich Folk, William Wilson, and Jason Krieck shall continue at a mutually convenient date and time, with Wyndham permitted to continue its examination so that Wyndham may have a total of seven (7) hours in total of questioning of each witness pursuant to the Federal Rules.  This seven (7) hours shall

include the time Wyndham has already used. For example, if Wyndham has already questioned Mr. Folk for six (6) hours, then it may have an additional one (1) hour to complete its questioning.

7. **Marketing Defendants' Court Notice.** Upon full execution of this Agreement, the Marketing Defendants shall withdraw their Motion for Extension of Time to File Motion for Attorneys' Fees and Costs re: Order Denying Plaintiffs' Motion for Sanctions (Doc. 237) and further agree to subsequently file a notice with the Court, in the form attached hereto as **Exhibit "A,"** advising the Court that the Parties complied with their meet and confer requirements, as mandated by the Order, and that the Marketing Defendants have opted not to file a motion seeking reasonable expenses and no further action by the Court or the Parties is needed or warranted in connection therewith.

8. **Confidentiality.** The Parties hereby warrant and agree, unless otherwise compelled by law, not to disclose the Settlement Amount or any of the terms of this Agreement, publicly or to any third party to this Agreement, without prior written consent of Wyndham or the Marketing Defendants. To the extent that any Party receives a civil subpoena (or other process) from any person or entity which seeks disclosure of the Settlement Amount or the terms of this Agreement, that Party shall, as soon as reasonably practicable under the circumstances, give written notice, in the manner required by Section 13 below, to all Parties identifying the information sought and the date by which it must be provided, as well as enclosing a copy of the subpoena or other process and shall provide all other Parties with an opportunity to object and intervene, as appropriate.

9. **Remedies Available in Case of Breach.** Each Party acknowledges and agrees that any actual or threatened violation or breach by any Party of its respective obligations under this Agreement may result in irreparable harm to the non-breaching Party for which remedies other than injunctive relief may be inadequate, and that the Parties shall be entitled to receive from a court of competent jurisdiction temporary or permanent injunctive or other equitable relief to restrain any such violation in addition to other appropriate remedies without the necessity of proving damages or posting bond, which all Parties hereby waive. Further, in the event of a violation of this Agreement, Wyndham, in addition to injunctive and any other relief the Court may provide, shall be entitled to liquidated damages in the form of disgorgement, in an amount equal to the Settlement Amount. The Parties stipulate that the damages for breaching Section 8 of this Agreement are speculative and that liquidated damages are appropriate in this instance, and that the amount of liquidated damages set forth in this Agreement are reasonable. The Parties agree that the prevailing party in any litigation over an alleged breach of this Agreement shall also be entitled to recover their reasonable attorneys' fees and costs, including, without limitation, appellate and paralegal fees and costs.

10. **Representations and Warranties.** Each Party represents and warrants to the other Parties that it has the full authority to enter into and perform the terms of this Agreement, that it has read and reviewed the terms and conditions of this Agreement and fully understands same, that it has had the opportunity to consult with counsel of its choice regarding the terms and conditions of this Agreement, and that by entering into this Agreement it intends to bind itself by the terms and conditions hereof.

3

11. **Successors, Assigns.** This Agreement shall be binding upon the Parties and their attorneys and shall inure to the benefit of, and be binding upon, their or its heirs, administrators, representatives, executors, successors, beneficiaries, assigns, agents, trustees, insurers, and any other persons acting by, through, or under any of the Parties hereto.

12. **Entire Agreement/Amendments**:

12.1 This Agreement, when executed by the Parties, is the entire agreement between the Parties with respect to the subject matter of this Agreement, and supersedes and cancels any and all prior and contemporaneous discussions, negotiations, arrangements, agreements, representations, and understanding between the Parties with respect to the subject matter of this Agreement; and

12.2 This Agreement may not be modified or otherwise amended except by a written instrument that expressly refers to this Agreement and is executed by the Party to this Agreement against whom such amendment is sought to be enforced; and

12.3 No Party or other person has made any oral or written representation, other than those explicitly set forth in this Agreement, upon which any Party is relying on making their or its decision to enter into this Agreement.

13. **Notice**. Notice under this Agreement shall be delivered in the following manner:

**If to Wyndham:**

By certified mail and email to:
Alfred J. Bennington, Jr., Esq.
Glennys Ortega Rubin, Esq.
Shutts & Bowen, LLP
300 S. Orange Ave., Suite 1600
Orlando, Florida 32801
bbennington@shutts.com
grubin@shutts.com

with a copy to:

Office of the General Counsel
c/o Litigation
Wyndham Destinations, Inc.
6277 Sea Harbor Drive
Orlando, Florida 32821
ConsumerAffairs@wyn.com

If to Marketing Defendants:

Frank Sims Stolper
Andrew Stolper, Esq.

Jon Parrott, Esq.
19800 MacArthurs Blvd.
Suite 855
astolper@lawfss.com
jparrott@lawfss.com

To avoid doubt, any notice that is provided under this Agreement must be provided in compliance with the requirements of this Section 13 to be deemed valid notice.

14. **Severability.** If any provision of this Agreement is determined to be invalid, illegal, or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect.

15. **No Waiver.** The failure of any Party to this Agreement to insist upon strict performance of any obligation of the other Parties hereunder, irrespective of the length of time for which such failure continues, shall not be a waiver of the right to demand strict compliance in the future.

16. **Headings.** The headings used in this Agreement are for convenience only and shall not be used to interpret this Agreement.

17. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which will constitute but one and the same instrument.

18. **Binding Agreement.** This Agreement is a legal and valid obligation binding upon the Parties, and their respective, agents, successors, assigns and/or affiliates and enforceable in accordance with its terms. The Parties warrant that execution, delivery, and performance of this Agreement by each Party does not conflict with any agreement, instrument, or understanding, oral or written, to which it is a party or by which it may be bound, nor violate any material law or regulation of any court.

19. **Joint Drafting.** The Parties agree that any ambiguity in this Agreement is not to be construed against any Party to this Agreement on the grounds that such Party drafted the Agreement, but shall be construed as if all Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not on that ground be interpreted against any one Party. Any prior drafts of this Agreement shall not be used to determine the intent of the Parties to this Agreement.

20. **Governing Law and Venue for Dispute Resolution.** This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of Florida without regard to the conflicts of laws rules of such state. Venue for any dispute resolution or litigation shall be in the federal courts located in Florida or California, depending on where the Litigation is currently pending. Once the Litigation ends or if it is no longer pending, the Parties agree that any dispute arising under this Agreement shall be before a single arbitrator and shall be arbitrated through JAMS in Orlando, Florida, with the understanding that any depositions and/or hearing shall take place remotely and via video-conference, using Zoom or a similar platform.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

_____
**RICH FOLK, INDIVIDUALLY**

_____
**WILLIAM WILSON, INDIVIDUALLY**

_____
**PANDORA MARKETING, LLC**

By: _____
_____, as authorized signatory for
Pandora Marketing, LLC

_____
**PANDORA SERVICING, LLC**

By: _____
_____, as authorized signatory for
Pandora Servicing, LLC

_____
**INTERMARKETING MEDIA, LLC**

By: _____
_____, as authorized signatory for
Intermarketing Media, LLC

6

**WYNDHAM VACATION OWNERSHIP, INC.**

By: *Ryan Morettini*

Name: Ryan Morettini

Title: Group Vice President - Legal

Date: 11/2/2020

**WYNDHAM VACATION RESORTS, INC.**

By: *Ryan Morettini*

Name: Ryan Morettini

Title: Group Vice President - Legal

Date: 11/2/2020

**WYNDHAM RESORT DEVELOPMENT CORPORATION**

By: *Ryan Morettini*

Name: Ryan Morettini

Title: Group Vice President - Legal

Date: 11/2/2020

**SHELL VACATIONS, LLC**

By: *Ryan Morettini*

Name: Ryan Morettini

Title: Group Vice President - Legal

Date: 11/2/2020

7

**SVC-AMERICANA, LLC**

By: *Ryan Morettini*

Name: Ryan Morettini

Title: Group Vice President - Legal

Date: 11/2/2020

**SVC-HAWAII, LLC**

By: *Ryan Morettini*

Name: Ryan Morettini

Title: Group Vice President - Legal

Date: 11/2/2020

ORLDOCS 17723164 3

8

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
Orlando Division
Case No.: 6:19-cv-1908-WWB-EJK

|  |  |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC. a Delaware corporation; WYNDHAM VACATION RESORTS, INC., a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION; a Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company, | |
| Plaintiffs, | **MARKETING DEFENDANTS' NOTICE OF COMPLAINCE WITH THIS COURT'S ORDER [DE 210]** |
| v. | |
| SLATTERY, SOBEL & DECAMP, LLP, a California limited liability partnership; DEL MAR LAW GROUP, LLP, a California limited liability partnership; CARLSBAD LAW GROUP, LLP, a California limited liability partnership; JL 'SEAN' SLATTERY, an individual and resident of the State of California; PANDORA MARKETING, LLC f/k/a Timeshare Compliance, LLC d/b/a Timeshare Compliance and d/b/a timeshareexitcompanies.com and d/b/a timesharecancellationreviews.com, a Wyoming limited liability company; PANDORA SERVICING, LLC, a Wyoming limited liability company; INTERMARKETING MEDIA, LLC d/b/a Resort Advisory Group, a Wyoming limited liability company; KENNETH EDDY a/k/a Ken Eddy, an individual and resident of the State of Oregon; RICH FOLK, an individual and resident of the State of California; and WILLIAM WILSON a/k/a James Wilson a/k/a Bo Wilson, an individual and resident of the State of California; | |
| Defendants. | |

Exhibit A

Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson, and Intermarketing Media, LLC (the "Marketing Defendants") hereby provide notice to this Court that the Marketing Defendants and Plaintiffs have complied with their meet and confer requirements, as mandated by this Court's Order [DE 210]. As a result of the meet and confer, the Parties have resolution with each other and no further intervention of the Court is required.

Dated: November 2, 2020

<div style="margin-left:40%">

Issac Marcushamer, Esq.
Email: Isaac@markmigdal.com
Email: eservice@markmigdal.com
Email: jany@markmigdal.com
FL Bar No. 60373
Mark Migdal & Hayden
80 SW 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

and

Andrew D. Stolper, Esq. *(Pro Hac Vice)*
Email: astolper@lawfss.com
Email: mnowowiejski@lawfss.com
CA Bar No. 205462
Jonathan Parrott, Esq. *(Pro Hac Vice)*
Email: jparrott@lawfss.com
Email: mnowowiejski@lawfss.com
CA Bar No. 248652
Frank Sims & Stolper LLP
19800 MacArthur Boulevard, Suite 855
Irvine, California 92612
Telephone: (949) 201-2400

*Attorneys for Intermarketing Media d/b/a*
*Resort Advisory Group*

</div>

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### Orlando Division
Case No.: 6:19-cv-1908-WWB-EJK

WYNDHAM VACATION OWNERSHIP, INC.
a Delaware corporation; WYNDHAM
VACATION RESORTS, INC., a Delaware
corporation, WYNDHAM RESORT
DEVELOPMENT CORPORATION; a Oregon
Corporation; SHELL VACATIONS, LLC, an
Arizona limited liability company; SVC-
AMERICANA, LLC, an Arizona limited liability
company; and SVC-HAWAII, LLC, a Hawaii
limited liability company,

     Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, a
California limited liability partnership; DEL
MAR LAW GROUP, LLP, a California limited
liability partnership; CARLSBAD LAW GROUP,
LLP, a California limited liability partnership; JL
'SEAN' SLATTERY, an individual and resident
of the State of California; PANDORA
MARKETING, LLC f/k/a Timeshare
Compliance, LLC d/b/a Timeshare Compliance
and d/b/a timeshareexitcompanies.com and d/b/a
timesharecancellationreviews.com, a Wyoming
limited liability company; PANDORA
SERVICING, LLC, a Wyoming limited liability
company; INTERMARKETING MEDIA, LLC
d/b/a Resort Advisory Group, a Wyoming limited
liability company; KENNETH EDDY a/k/a Ken
Eddy, an individual and resident of the State of
Oregon; RICH FOLK, an individual and resident
of the State of California; and WILLIAM
WILSON a/k/a James Wilson a/k/a Bo Wilson, an
individual and resident of the State of California,
     Defendants.

**STIPULATED CONFIDENTIALITY**
**AGREEMENT**

## EXHIBIT A

1



EXHIBIT
B

## STIPULATED CONFIDENTIALITY AGREEMENT

WHEREAS discovery in this action may involve the disclosure of certain documents, things, and information in the possession, custody, or control of the Plaintiffs and/or Defendants (Plaintiffs and Defendants may be individually referred to herein as the "Party" and collectively referred to herein as the "Parties"), or non-Parties that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

WHEREAS such confidential information must be protected to preserve the legitimate business interests of the Parties or non-Parties;

WHEREAS the Parties have, through counsel, stipulated to the entry of this Agreement for the purpose of advancing the progress of this action and to prevent unnecessary dissemination or disclosure of such confidential information;

Now, therefore, for purposes of this action, the Parties agree as follows:

1.   DEFINITIONS

    a.    Attorney Recipient: Person entitled to receive Confidential Information designated as "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**," which is limited to the following persons:

        i.    The Court and its personnel;

        ii.    Counsel of Record in this Litigation;

        iii.    Interpreters or translators retained by counsel for the purpose of the case;

        iv.    Court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

        v.    Experts and consultants (and their necessary support personnel) retained

by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case, provided that the procedures of Section 6 are strictly followed; and

vi.      Other persons agreed to in writing by the Parties which consent shall not be unreasonably withheld.

b.      <u>Agreement</u>: This Stipulated Confidentiality Agreement.

c.      <u>Confidentiality Agreement</u>: The form attached hereto as **Exhibit A** to which the persons identified in subsections 1(a)(v) and 1(l)(iv), (vii) of this Agreement must agree and sign before being disclosed any Confidential Information.

d.      <u>Confidential Information</u>: Any type or classification of information in any of the Subject Discovery Material which is designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL: ATTORNEYS' EYES ONLY"** by any Party.

e.      <u>Counsel of Record</u>: Attorneys who are not employees of a Party to this Litigation but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party and their necessary support personnel, including individuals employed at the same law firm and personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this Litigation, including jury or trial consulting services retained by counsel for a Party.

f.      <u>Designating Party</u>: A Party or non-Party that designates Subject Discovery Material as Confidential Information.

g.      <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the Litigation who:

i.      Has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation;

ii.      Is not a current employee of a Party; and

iii.      At the time of retention, is not anticipated to become an employee of a Party.

h.    <u>Litigation</u>: The above-captioned matter of *Wyndham Vacation Ownership, Inc. et al. v.* Slattery, *Sobel & Decamp, LLP, et al.*, Middle District of Florida Case No. Case No.: 6:19-cv-1908-WWB-EJK.

i.    <u>Producing Party</u>: A Party or non-Party (whether singular or plural) who produces Subject Discovery Material that contains Confidential Information.

j.    <u>Receiving Party</u>: A Party or non-Party (whether singular or plural) who receives Subject Discovery Material that contains Confidential Information.

k.    <u>Subject Discovery Material</u>: All documents and information produced or to be produced by any Party or third Party in connection with this Litigation, including documents and things produced or to be produced, any answers to interrogatories, responses to requests for admission, entry upon land for inspection or other purposes, oral, audio and/or visual recordings (including microfilm and computer source and/or object code), and deposition and other testimony disclosed through discovery in this case. Subject Discovery Material does not include documents, information, or evidence developed by any Party through independent investigative efforts or outside the discovery process in connection with the Litigation.

l.    <u>Qualified Person</u>: Person entitled to receive Confidential Information designated as "**CONFIDENTIAL**," which is limited to the following persons:

    i.    The Court and its personnel;

    ii.    Counsel of Record in this Litigation;

    iii.    The Parties in the Litigation and their respective in-house counsel;

    iv.    Experts and consultants (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case, provided that the procedures of Section 6 are strictly followed;

    v.    Court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

    vi.    Interpreters or translators retained by counsel for the purpose of the case;

vii.      To the extent not otherwise captured by subsections 1(l)(i) through (vi) of this Agreement, a testifying witness/deponent or a potential witness/deponent (as limited by subsection 7(g)(i) of this Agreement) provided that such individuals execute a Confidentiality Agreement attached hereto as **Exhibit A** prior to the disclosure of any Subject Discovery Material marked Confidential to such persons which the Receiving Party shall provide to the applicable Designating Party no later than the deadline for disclosure of witness lists prior to trial in this Litigation; and

viii.     Other persons agreed to in writing by the Parties which consent shall not be unreasonably withheld.

2.    <u>SCOPE</u>

a.    This Agreement governs all Subject Discovery Material.

b.    No Receiving Party hereunder shall use the Confidential Information for any purpose other than this Litigation, or in connection with any similar matter, including without limitation, any bankruptcy proceeding involving one of the Parties.

c.    This Agreement is intended to facilitate the flow of discovery materials and to expedite the resolution of discovery disputes among the parties.

d.    This Agreement shall not raise any inference nor constitute any evidence of the existence of any trade secrets or Confidential Information. Moreover, the consent of any Party to the Agreement shall not constitute any admission as to the existence of any trade secrets or Confidential Information in connection with any Subject Discovery Material produced or disclosed in this proceeding.

e.    Nothing in this Agreement shall preclude or impede Counsel of Record's ability to communicate with or advise their clients or decision makers for such clients based on outside counsel's review and evaluation of **"CONFIDENTIAL: ATTORNEYS' EYES ONLY"** information produced by the opposing Party. Counsel of Record may discuss with the employees

and officers of such clients who have responsibility for managing the lawsuit, or those persons who have responsibility for making decisions about possible settlement of the Litigation, the general nature of the "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" information without disclosing the specifics of any such information, to the extent such disclosure is necessary for effectively advising such clients and their decision makers.

      i.      Consistent with the intent of the Parties to keep sensitive information confidential, and the requirements of sub-section 1(a)(vi) of this Agreement that the Designating Party's consent must be obtained in writing before "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" information may be disclosed to individuals not otherwise included among those individuals enumerated in sub-sections 1(a)(i-v) of this Agreement, unless required by law or otherwise compelled to do so by any court or competent jurisdiction, no Party may disclose the general nature of the "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" information as communicated by Counsel of Record pursuant to the sub-section 2(e) of this Agreement to any third-party for reasons unconnected to this Litigation.

3.    <u>DURATION</u>

    a.    Even after the final disposition of this Litigation, the confidentiality obligations imposed by this Agreement shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

    b.    Final disposition, as used in this Agreement, shall be the later of:

      i.      Dismissal of the last of the claims and defenses in this Litigation as to any Party, with or without prejudice; or

      ii.     The entry of final judgment, and the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews for any Party, claim or defense in this Litigation.  This includes the time limits for filing any

6

motions or applications for extension of time pursuant to applicable law.

4.   <u>DESIGNATION OF SUBJECT DISCOVERY MATERIAL</u>

a.      Whenever the Designating Party determines that a disclosure of the Subject Discovery Material will reveal matters that such Party believes in good faith constitute or contain the private financial information of third-parties, trade secrets, confidential research or future expansion plans of a Party, or other confidential internal business information, including confidential sensitive financial information, relating to its, his, or her business, such Party has the right to designate such information as "CONFIDENTIAL". In the event that the Designating Party discovers documents or information which do not fall within the categories set forth above, but which the Designating Party in good faith believes should be designated as "CONFIDENTIAL", then that Party shall contact the attorneys for the other Parties in this Litigation and request their agreement that said documents or information may be designated "CONFIDENTIAL". In the event the parties cannot reach an agreement, then the Designating Party may request that the Court enter a protective order as to that document or information.

i.      In the case of written information, this designation must be made by marking the page or pages where such Confidential Information is contained, "**CONFIDENTIAL**" or its equivalent, either prior to its disclosure to the Receiving Party or at the time a copy(ies) of such written information is provided to the Receiving Party.

ii.      In the case of oral, audio, and/or visual recording information (including microfilm and computer source and/or object code), this designation must be made by marking the recording medium "**CONFIDENTIAL**" either prior to its disclosure to the Receiving Party, or at the time a copy(ies) of such information is provided to the Receiving Party.

iii.      Where Confidential Information is produced on electronic media, such as a CD, diskette, tape, USB storage device or hard drive, the marking of the electronic media as "**CONFIDENTIAL**" shall be deemed sufficient to

identify the contents as "**CONFIDENTIAL**."

    iv.    In the case of documents produced electronically, regardless of whether an applicable document type is referenced in sub-section (i) through (iii) of this paragraph, Parties shall provide for such document a load file (or equivalent) with a separate field populated with "**CONFIDENTIAL**", either prior to its disclosure to the Receiving Party or at the time a copy(ies) of such information is provided to the Receiving Party. Stating that a document is "**CONFIDENTIAL**" in a transmittal correspondence (regardless of whether by e-mail, physical letter, or any other form) shall be insufficient to designate such information as "**CONFIDENTIAL**".

    v.    In the case of native documents produced electronically, in addition to the requirements referenced in subsection (iv) of this paragraph and regardless of whether an applicable document type is referenced in sub-section (i) through (iii) of this paragraph, parties shall produce such documents without alteration.

    b.    When the Designating Party has good reason to believe that disclosure of certain Subject Discovery Material covered by Paragraph 4(a) above should be limited to counsel for the Receiving Party, and specifically <u>only those Attorney Recipients identified in Section 1(a)</u> of this Agreement, because of its uniquely sensitive nature, which due to its sensitive nature is, in the good faith judgment of the Designating Party, at greater risk of improper dissemination or use, the Designating Party has the right to designate such Confidential Information as "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**."

    i.    In the case of written information, this designation must be made by marking the page or pages wherein such Confidential Information is contained, "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" or its equivalent, either prior to its disclosure to the Receiving Party or at the time a copy(ies) of such written information is provided to the Receiving

Party.

ii.     In the case of oral, audio and/or visual recording information (including microfilm and computer source and/or object code), this designation must be made by marking the recording medium "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" either prior to its disclosure to the Receiving Party or at the time a copy(ies) of such information is provided to the Receiving Party.

iii.    Where Confidential Information is produced on electronic media, such as a CD, diskette, tape, USB storage device or hard drive, the marking of the electronic media as "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" shall be deemed sufficient to identify the contents as "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**."

iv.    In the case of documents produced electronically, regardless of whether an applicable document type is referenced in sub-section (i) through (iii) of this paragraph, Parties shall provide for such document a load file (or equivalent) with a separate field populated with "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**", either prior to its disclosure to the Receiving Party or at the time a copy(ies) of such information is provided to the Receiving Party. Stating that a document is "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" in a transmittal correspondence (regardless of whether by e-mail, physical letter, or any other form) shall be insufficient to designate such information as "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**".

v.    In the case of native documents produced electronically, in addition to the requirements referenced in subsection (iv) of this paragraph and regardless of whether an applicable document type is referenced in sub-section (i) through (iii) of this paragraph, Parties shall produce such documents

without alteration.

c.      In the case of any response to a discovery request, the response to which discloses or contains any Confidential Information, the designation of Confidential Information shall be made by means of a statement in the responses specifying the responses, or the specific parts thereof, that shall be treated as Confidential Information and/or specifying that such information is being produced pursuant to this Agreement.

d.      In the case of a deposition or other testimony, testimony containing Confidential Information shall be designated either **"CONFIDENTIAL"** or **"CONFIDENTIAL: ATTORNEYS' EYES ONLY,"** either at the time of the testimony or within seven (7) calendar days of the receipt of the written transcript.

      i.      Before the time to make such a designation has expired, neither the transcript nor the contents or substance of the deposition or other testimony may be disclosed by the non-Designating Party to persons other than Attorney Recipients or the deponent, unless otherwise agreed in writing.

      ii.      At any time during the taking of a deposition on oral examination, counsel for the Designating Party may state that a particular line of questioning should be treated as **"CONFIDENTIAL"** or **"CONFIDENTIAL: ATTORNEYS' EYES ONLY,"** as in the case of written disclosures of information covered by subsections (a) and (b) above. Counsel for the Parties shall then determine whether the depositions should be carried out with one or more of the following conditions:

        1.      The reporter may be instructed to transcribe the questions and answers separate from the transcript for the remainder of the deposition, which pages shall be marked as described in either subsections (a) or (b) above.

        2.      During any time that the line of questioning involving Confidential

Information: Attorneys' Eyes Only is being followed, anyone who is not an Attorney Recipient and all representatives of the Receiving Party other than counsel and outside experts may be excluded from the deposition.

3.    Any other conditions mutually agreeable to the parties to protect the confidential status of the information.

e.    Inadvertent failure to designate Subject Discovery Material as Confidential Information pursuant to this Agreement shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied.

i.    If the Designating Party discovers that information should have been but was not designated as Confidential Information, the Designating Party must immediately notify all other parties.

ii.    In such event, within five (5) days of discovering the lack of designation on the Subject Discovery Material, the Designating Party must provide copies of the Confidential Information containing the appropriate designation in accordance with this Agreement.

iii.    After receipt of such designations, the newly designated Confidential Information shall be treated as required by this Agreement.  No party shall have any liability, under this Agreement or otherwise, for any disclosure of information contained in Subject Discovery Material that occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

iv.    Upon receiving notice from a Designating Party that Subject Discovery Materials already produced without any designation should have contained a designation as Confidential Information, the Receiving Party shall have the right to challenge such designation, if appropriate, using the procedure set forth in this Agreement.

5.   CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

    a.   No Party is obligated to challenge the propriety of any Subject Discovery Material designated as Confidential Information, and a failure to do so shall not preclude a subsequent attack on the propriety of the designation.

    b.   If the Receiving Party disagrees with a designation of any Subject Discovery Material as being Confidential Information, the Receiving Party may, after a good faith conferral conducted in accordance with Middle District of Florida Local Rule 3.01(g), challenge the designation made by the Designating Party by filing a motion with the Court pursuant to Federal Rule of Civil Procedure 37.  Such motion may seek any sanction or other appropriate relief authorized under Rule 37 in conjunction with such a motion.

    c.   In any challenge to a designation of Confidential Information, the burden of proof shall rest with the Designating Party to prove that such that the Subject Discovery Material either requires protection from public disclosure, or should otherwise be limited in accordance with the designation made by the Designating Party.

    d.   Subject Discovery Material designated as Confidential Information shall remain protected under this Agreement until the Court resolves any dispute regarding the propriety of the designation at issue.

    e.   The parties will not designate as Confidential Information any Subject Discovery Material that they have reason to believe, or should have reason to believe, was generally known or readily available to the public prior to its designation, or that any Party has developed through its own investigative efforts outside the discovery process.

6.   EXPERTS OR CONSULTANTS

    a.   Confidential Information and such copies of Confidential Information as are reasonably necessary for maintaining, defending or evaluating this Litigation may be furnished and disclosed to the Receiving Party's Experts or consultants and their necessary support personnel as both Qualified Person(s) and Attorney Recipient(s).

    b.   No disclosure of Confidential Information to an Expert or consultant or their

necessary support personnel shall occur until that person has signed the Confidentiality Agreement attached hereto as **Exhibit A**.

7.     <u>ACCESS TO AND USE OF CONFIDENTIAL INFORMATION</u>

     a.      Absent an agreement of the Parties or an order of the Court, any Subject Discovery Material that has been designated by any Party as comprising or containing Confidential Information pursuant to Paragraph 4(a), (b), (c) or (d) of this Agreement may only be filed with the Court according to the procedures enumerated in sub-sections 7(b)(i)-(ii) or 7(d)(i)-(ii) of this Agreement.

     b.      The Parties shall conform to the following filing procedures:

         i.      A Receiving Party that intends to file Subject Discovery Material containing Confidential Information with the Court shall first file a motion to seal, pursuant to Rule 1.09 of the Local Rules for the United States District Court, Middle District of Florida (a "Motion to Seal"), seeking leave to file the relevant Subject Discovery Material under seal.

             a.      By designating Subject Discovery Material as comprising or containing Confidential Information pursuant to Paragraph 4(a), (b), (c) or (d) above, the Designating Party consents to the filing of such Subject Discovery Material under seal and any Motion to Seal filed pursuant to sub-section 7(b)(i) of this Agreement may represent such consent.

             b.      The Designating Party may provide the Receiving Party with explanation of the why relevant Subject Discovery Material comprises or contains Confidential Information and such explanation may be included verbatim in a Motion to Seal, in which case the Motion to Seal shall be titled "Joint Motion to Seal" and include signature of the Designating Party's Counsel of Record.

ii. To the extent that the Court denies any Motion to Seal made pursuant to sub-section 7(b)(i), the Designating Party shall have three (3) business days from entry of such a denial to file a motion for protective order (a "Protective Order Motion") requesting that the Court permit the relevant Subject Discovery Material to be filed under seal. Failure to file such a Protective Order Motion with the Court within the time period stated herein shall result in a waiver of any designation made pursuant to this Agreement as to the relevant Subject Discovery Material and the Receiving Party's use of the relevant Subject Discovery Material shall not be restricted by this Agreement. The Court's denial of the Protective Order Motion's request that the relevant Subject Discovery Material be filed under seal shall result in removal of the relevant confidentiality designation and the Receiving Party's use of the relevant Subject Discovery Material shall not be restricted by this Agreement.

c. Notwithstanding sub-sections 7(b)(i)-(ii) of this Agreement, any designation made pursuant to this Agreement remains in effect until the Court rules on a timely Protective Order Motion filed pursuant to sub-section 7(b)(ii) or the Designating Party fails to timely file such Protective Order Motion regardless of the date that a Receiving Party intends to submit the Subject Discovery Material to the Court.

d. Nothing in this Agreement shall prevent a Receiving Party from filing a placeholder exhibit in lieu of the relevant Confidential Information or redacting excerpts of such Confidential Information included in any motion, memorandum, or other submission to the Court (a "Provisional Filing") pending resolution of a Motion to Seal or Protective Order Motion made pursuant to sub-sections 7(b)(i) or (ii) of this Agreement.

i. To the extent that the Court grants a Motion to Seal or Protective Order Motion filed pursuant to sub-sections 7(b)(i) or (ii) after a Receiving Party files a Provisional Filing, and absent further direction of the Court in

regard to re-filing the relevant Subject Discovery Material under seal, the Designating Party shall consent to the Receiving Party filing a motion to supplement the Provisional Filing with an unredacted copy of the Subject Discovery Material under seal.

ii.    To the extent the Court denies a Protective Order Motion after the Receiving Party files a Provisional Filing, or the Designating Party fails to timely file such a motion under sub-section 7(b)(ii) after the Receiving Party files a Provisional Filing, and absent further direction of the Court in regard to re-filing the relevant Subject Discovery Material, the Designating Party shall consent to the Receiving Party filing a motion to supplement the Provisional Filing with an unredacted copy of the relevant Subject Discovery Material.

e.    To the extent that any Party wishes to extend any filing deadline while the Court adjudicates a Motion to Seal or Protective Order Motion made pursuant to sub-sections 7(b)(i) or (ii) of this Agreement, the Parties agree that any Party may file a motion for extension of time in regard to the applicable filing deadline ("Extension Motion") requesting that such deadline be extended to three (3) business days after the Court rules on a Motion to Seal or Protective Order Motion made pursuant to sub-sections 7(b)(i) or (ii) of this Agreement. Such Extension Motion shall have the consent of the other Parties if:

i.    The moving Party files the Extension Motion prior to the applicable deadline; and

ii.    The moving Party has otherwise complied with all applicable requirements of section 7 of this Agreement.

f.    If any non-Designating Party's counsel intends to use at trial, or for the purpose of any public hearing with the Court, any documents, interrogatory answers, deposition testimony, or other discovery responses which have been designated as Confidential Information, he/she/it shall so advise Designating Party's counsel prior to such intended use, and counsel for all parties

shall confer in an effort to agree upon a procedure to maintain the confidentiality of such Confidential Information. If no agreement is reached, counsel for the Party seeking to use the Confidential Information shall file an appropriate motion with the Court seeking a determination as to the permissible use of the Confidential Information. To the extent that the Court denies any such motion on grounds that there is insufficient basis to determine that the materials should be treated as confidential, the Designating Party shall have three (3) business days from notice (made pursuant to paragraph 10(i) below) of such an order to file a motion for protective order consistent with paragraph 7(b)(ii) of this Agreement. Denial of any such motion for protective order or the Designating Party's failure to file such a motion shall result in removal of the relevant confidentiality designation and the non-Designating Party's use of the relevant Subject Discovery Material shall not be restricted by this Agreement.

g.      All Subject Discovery Material that has been designated by any other Party as containing or comprising Confidential Information pursuant to Paragraph 4(a) of this Agreement (*i.e.*, "**CONFIDENTIAL**") must be retained by Counsel of Record for the Receiving Party and must not be furnished, shown, or disclosed by such counsel to any other person, except that, and solely for the purposes of this action, any such Confidential Information may be disclosed by counsel to "Qualified Persons."

i.      Notwithstanding any other provision of this Agreement, to the extent an individual may be considered a Qualified Person solely because such individual is a potential witness or deponent under subsection 1(l)(vii) of this Agreement, the Parties may only disclose Subject Discovery Material that has been designated by any other Party as containing or comprising Confidential Information pursuant to Paragraph 4(a) of this Agreement to such Qualified Person if: (a) such Qualified Person was the original author or recipient of the applicable Subject Discovery Material; and (b) the Receiving Party wishing to disclose the applicable Subject Discovery Material provides to the applicable Designating Party the identity (which

16

shall include name, current mailing address, and relationship to the Parties) of such Qualified Person at the time that such Receiving Party provides to the applicable Designating Party a Confidentiality Agreement executed by the applicable Qualified Person pursuant to subsection 1(l)(vii) of this Agreement.

ii.    Notwithstanding the provisions of the preceding paragraph, a Party may request to disclose Subject Discovery Material that has been designated by any other Party as containing or comprising Confidential Information pursuant to Paragraph 4(a) of this Agreement to potential witnesses or deponents who are not the original author or recipient of the applicable Subject Discovery Material if such potential witnesses or deponents execute a Confidentiality Agreement pursuant to subsection 1(l)(vii) of this Agreement and consent shall not be unreasonably withheld. If consent is granted, the Receiving Party shall provide to the Designating Party the identity of such potential witnesses or deponents consistent with the provisions of the preceding paragraph. Should consent be withheld, the Parties agree to submit such dispute to the Court for adjudication pursuant to the Court's *Standing Order on Discovery Motions* dated January 3, 2020 [Doc. No. 40] and any subsequent amendments thereto, and prior to the disclosure of the applicable Subject Discovery Material.

h.    All Subject Discovery Material that has been designated by any Party as comprising or containing Confidential Information pursuant to Paragraph 4(b) of this Agreement (*i.e.* "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**") must be retained by Counsel of Record for the Receiving Party and must not be furnished, shown or disclosed by such counsel to any other person, except that, and solely for the purposes of this action, any such Confidential Information may be disclosed by counsel to Attorney Recipients.

8.     DISCLOSURE OF CONFIDENTIAL INFORMATION

a.     No person will make a public disclosure of any Subject Discovery Material obtained in discovery in this Litigation and designated as Confidential Information by any Party pursuant to Paragraph 4 above without an order of the Court or as stipulated by the Parties.

b.     If any person subject to this Agreement is served with a subpoena, demand or other legal process seeking disclosure of Confidential Information, unless disclosure is prohibited by law, that person shall give prompt written notice of such event to counsel for the Designating Party.  Such Designating Party shall then have the right to seek to intervene to preclude the production of such Confidential Information or otherwise object to its production. Upon receipt of written notice, counsel for the Designating Party shall advise, in writing, the person who is to respond to the subpoena or demand of its position. The Designating Party assumes responsibility for preserving and prosecuting any objection to the subpoena or demand. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the Confidential Information, provided, however, that nothing herein shall be construed as precluding the person served from complying with the obligations imposed on him or her by law, requiring the person served to challenge or appeal any order requiring the production of Confidential Information, or subjecting himself or herself to any penalties for noncompliance with any legal process or order or to seek any relief from the Court.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

a.     Pursuant to Rule 502(d) for the Federal Rules of Evidence, inadvertent disclosure and/or production of Subject Discovery Material claimed to be subject to either the attorney-client privilege or the work product doctrine does not waive the applicability of such privilege or doctrine relative to the inadvertently disclosed and/or produced Subject Discovery Material. If any such Subject Discovery Material is inadvertently disclosed to the Receiving Party by the Producing Party, the Producing Party may request that the Receiving Party transfer such Subject Discovery Material back to the Producing Party, and the Receiving Party must comply by

returning such Subject Discovery Material, provided, however, that such request must be made within thirty (30) days of the Producing Party's first discovery of the inadvertent production. Within seven (7) calendar days of the Receiving Party's return of such inadvertently produced Subject Discovery Material, the Producing Party shall serve a privilege log listing the returned Subject Discovery Material that sufficiently identifies the document and the basis for the privilege asserted.  The Receiving Party shall then have the right, but not the obligation, to seek relief from the Court challenging the Producing Party's claim of privilege or work product protection.

10.    <u>MISCELLANEOUS</u>

    a.    Nothing in this Agreement shall make a Party responsible to another Party or non-Party for any use made of information that was produced and not designated as Confidential Information.

    b.    Nothing in this Agreement shall prejudice the right of any Party or non-Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

    c.    In the event that a new party is added, substituted, or brought in to this Litigation, they must agree to be bound by the terms of this Agreement before they are permitted to receive any document disclosed hereunder.

    d.    Nothing in this Agreement shall prejudice the right of any Party or non-Party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information.

    e.    Any specific part or parts of the restrictions imposed by this Agreement may be terminated at any time by a written stipulation by the Parties hereto or by an order of the Court for good cause shown.

    f.    Designating any Subject Discovery Material as Confidential Information does not necessarily denote that such Confidential Information is a trade secret.

    g.    Nothing in this Agreement shall be construed as limiting or negating the right of

any party hereto to bring a motion to compel discovery in this action, or as limiting or negating the right of any Party to object to any requested discovery such Party otherwise believes in good faith to be improper.

h.      This Agreement shall not preclude any Party from using or disclosing any of its, his, or her own documents or materials for any lawful purpose.

i.      Notice under this Agreement shall be to the Parties as follows, unless this provision is modified by the Parties in writing and filed with the Court:

      i.      Notice to Plaintiffs shall be made to Alfred J. Bennington, Jr., Glennys Ortega Rubin, Michael J. Quinn, and Danielle Reyes of Shutts & Bowen, LLP;

      ii.     Notice to Slattery, Sobel & DeCamp, LLP, Del Mar Law Group, LLP, Carlsbad Law Group, LLP and JL "Sean" Slattery shall be made to Brian Wagner, and W. Scott Gabrielson;

      iii.    Notice to Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson and Kenneth Eddy shall be made to Sheena D. Smith, and Jonathan Vine; and

      iv.     Notice to Intermarketing Media d/b/a Resort Advisory Group shall be made to Andrew Stolper, Jonathan Parrott, and Issac Marcushamer.

## 11.   FINAL DISPOSITION

a.      Upon final disposition of this action (defined above) all Receiving Parties shall, within sixty (60) days, assemble and return to the respective Producing Party all Confidential Information and copies thereof which may have been made (excluding any related attorney notes or attorney work product), unless such Receiving Party determines in good faith that such Confidential Information must be retained for a longer period to comply with professional obligations or applicable record-keeping requirements. Alternatively, all Subject Discovery Material and copies thereof may be destroyed by the Receiving Party within sixty (60) days of the final disposition of this action. The Receiving Party must give notice in writing to the

Designating Party that this section has been complied with.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Consented to:

Alfred J. Bennington, Jr., Esq.
Florida Bar No. 0404985
bbennington@shutts.com
Glennys Ortega Rubin, Esq.
Florida Bar No. 556361
grubin@shutts.com
Michael J. Quinn, Esq.
Florida Bar No. 084587
mquinn@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

*Attorneys for Plaintiffs*

Andrew D. Stolper, Esq. *(Pro Hac Vice)*
Email: astolper@lawfss.com
CA Bar No. 205462
Jonathan Parrott, Esq. *(Pro Hac Vice)*
Email: jparrott@lawfss.com
CA Bar No. 248652
Frank Sims & Stolper LLP
19800 MacArthur Boulevard, Suite 855
Irvine, California 92612
Telephone: (949-201-2400

and

Issac Marcushamer, Esq.
Email: Isaac@markmigdal.com
FL Bar No. 60373
Mark Migdal & Hayden
80 SW 8th Street, Suite 1999
Miami, Florida 33130

Brian L. Wagner, Esq.
Email: bwagner@mateerharbert.com
Secondary Email:
phouck@mateerharbert.com
W. Scott Gabrielson, Esq.
Email: sgabrielson@mateerharbert.com
Secondary Email:
mstoutamire@mateerharbert.com
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Orlando, FL 32801-2854
Telephone: 407-425-9044
Facsimile: 407-423-2016

*Attorneys for Slattery, Sobel & DeCamp,*
*LLP, Del Mar Law Group, LLP, Carlsbad*
*Law Group, LLP and JL "Sean" Slattery*

Sheena D. Smith, Esq.
Email: Sheena.Smith@csklegal.com
Jonathan Vine, Esq.
Email: jonathan.vine@csklegal.com
Cole Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: 561-383-9200
Facsimile: 561-683-8977

*Attorneys for Pandora Marketing, LLC,*
*Pandora Servicing, LLC, Intermarketing*
*Media, LLC, Rich Folk, William Wilson*
*and Kenneth Eddy*

Consented to:

_____
Alfred J. Bennington, Jr., Esq.
Florida Bar No. 0404985
bbennington@shutts.com
Glennys Ortega Rubin, Esq.
Florida Bar No. 556361
grubin@shutts.com
Michael J. Quinn, Esq.
Florida Bar No. 084587
mquinn@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone:  (407) 835-6755
Facsimile:  (407) 849-7255

*Attorneys for Plaintiffs*

_____
Brian L. Wagner, Esq.
Email: bwagner@mateerharbert.com
Secondary Email:
phouck@mateerharbert.com
W. Scott Gabrielson, Esq.
Email: sgabrielson@mateerharbert.com
Secondary Email:
mstoutamire@mateerharbert.com
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Orlando, FL 32801-2854
Telephone: 407-425-9044
Facsimile: 407-423-2016

*Attorneys for Slattery, Sobel & DeCamp,
LLP, Del Mar Law Group, LLP, Carlsbad
Law Group, LLP and JL "Sean" Slattery*

_____
Andrew D. Stolper, Esq. *(Pro Hac Vice)*
Email: astolper@lawfss.com
CA Bar No. 205462
Jonathan Parrott, Esq. *(Pro Hac Vice)*
Email: jparrott@lawfss.com
CA Bar No. 248652
Frank Sims & Stolper LLP
19800 MacArthur Boulevard, Suite 855
Irvine, California 92612
Telephone: (949-201-2400

and

Issac Marcushamer, Esq.
Email: Isaac@markmigdal.com
FL Bar No. 60373
Mark Migdal & Hayden
80 SW 8th Street, Suite 1999
Miami, Florida 33130

_____
Sheena D. Smith, Esq.
Email: Sheena.Smith@csklegal.com
Jonathan Vine, Esq.
Email: jonathan.vine@csklegal.com
Cole Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: 561-383-9200
Facsimile: 561-683-8977

*Attorneys for Pandora Marketing, LLC,
Pandora Servicing, LLC, Intermarketing
Media, LLC, Rich Folk, William Wilson
and Kenneth Eddy*

Consented to:

Alfred J. Bennington, Jr., Esq.
Florida Bar No. 0404985
bbennington@shutts.com
Glennys Ortega Rubin, Esq.
Florida Bar No. 556361
grubin@shutts.com
Michael J. Quinn, Esq.
Florida Bar No. 084587
mquinn@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

*Attorneys for Plaintiffs*

Andrew D. Stolper, Esq. *(Pro Hac Vice)*
Email: astolper@lawfss.com
CA Bar No. 205462
Jonathan Parrott, Esq. *(Pro Hac Vice)*
Email: jparrott@lawfss.com
CA Bar No. 248652
Frank Sims & Stolper LLP
19800 MacArthur Boulevard, Suite 855
Irvine, California 92612
Telephone: (949-201-2400

and

Issac Marcushamer, Esq.
Email: Isaac@markmigdal.com
FL Bar No. 60373
Mark Migdal & Hayden
80 SW 8th Street, Suite 1999
Miami, Florida 33130

Brian L. Wagner, Esq.
Email: bwagner@mateerharbert.com
Secondary Email:
phouck@mateerharbert.com
W. Scott Gabrielson, Esq.
Email: sgabrielson@mateerharbert.com
Secondary Email:
mstoutamire@mateerharbert.com
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Orlando, FL 32801-2854
Telephone: 407-425-9044
Facsimile: 407-423-2016

*Attorneys for Slattery, Sobel & DeCamp,*
*LLP, Del Mar Law Group, LLP, Carlsbad*
*Law Group, LLP and JL "Sean" Slattery*

Sheena D. Smith, Esq.
Email: Sheena.Smith@csklegal.com
Jonathan Vine, Esq.
Email: jonathan.vine@csklegal.com
Cole Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: 561-383-9200
Facsimile: 561-683-8977

*Attorneys for Pandora Marketing, LLC,*
*Pandora Servicing, LLC, Intermarketing*
*Media, LLC, Rich Folk, William Wilson*
*and Kenneth Eddy*

Telephone: (305) 374-0440

*Attorneys for Intermarketing Media d/b/a Resort Advisory Group*

**Sheena D. Smith**

| | |
|---|---|
| **From:** | Sheena D. Smith |
| **Sent:** | Friday, August 28, 2020 5:48 PM |
| **To:** | 'Glennys Ortega Rubin'; 'Michael J. Quinn'; 'Todd F. Kobrin'; 'Benjamin F. Elliott'; 'Bud Bennington'; 'Cheri L. Lima'; 'Danielle M. Reyes' |
| **Cc:** | sgabrielson@mateerharbert.com; 'Brian Wagner'; Andrew Stolper; Jonathan Vine; Jonathan Parrott; Leslie A. Vargo; 'Maritza Nowowiejski' |
| **Subject:** | Claim No. 0004714892 (Wyndham Vacation Ownership, Inc., et al. vs. Pandora Marketing, LLC f/k/a Timeshare Compliance, LLC d/b/a Timeshare Compliance d/b/a timeshareexitcomp) CSK File: 0284.0012-00: |
| **Categories:** | Green Category |

Good evening all,

It has come to our attention that the following documents which are subject to the attorney-client privilege, work-product privilege, and/or common interest privilege were inadvertently produced on August 3, 2020. Pursuant to Paragraph 9 of the Confidentiality Stipulation, we ask that you return to us the inadvertently produced documents.

- Pandora 283756
- Pandora 283763
- Pandora 283767
- Pandora 283772
- Pandora 286423
- Pandora 283766
- Pandora 283760
- Pandora 27116-18
- Pandora 270908

**EXHIBIT B**

1

**EXHIBIT**

*c*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
Case No. 6:19-cv-1908-Orl-78-EJK

WYNDHAM VACATION OWNERSHIP,
INC., *et al.*,

      Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, *et al.*,

      Defendants

_____/

**DEFENDANT, PANDORA MARKETING, LLC'S AMENDED PRIVILEGE LOG IN RESPONSE TO**
**WYNDHAM'S FIRST REQUEST FOR PRODUCTION**

| | DATE | AUTHOR | TITLE | RECIPIENT | DOC TYPE | SUBJECT MATTER OF DOCUMENT | PRIVILEGE ASSERTED | BATE STAMP | # PAGE |
|---|---|---|---|---|---|---|---|---|---|
| 1. | 4/9/2020 12:20 pm | Catherine Tan | Pandora Marketing's Rep | Jonathan Parrot, Andrew Stolper, Jacob Post, Rich Folk, James Wilson, Jason Krieck | PDF | Email between clients and attorneys regarding request for information concerning Pandora Marketing, LLC's employees and independent contractors in furtherance of defensive strategy. | Attorney client privilege / Work-Product /common-interest privilege | Pandora 286424 | 1 |
| 2. | 4/10/2020 10:20 am | Jonathan Parrot | Attorney | Catherine Tan, Andrew Stolper, Jacob Post, Rich Folk, James Wilson, Jason Krieck, Jerry Bloch | PDF | Email between clients and attorneys regarding request for information concerning Pandora Marketing, LLC's employees and independent contractors in furtherance of defensive strategy. | Attorney client privilege / Work-Product /common-interest privilege | Pandora 286423-286424 | 2 |
| 3. | 4/10/2020 11:37 am | Jonathan Parrot | Attorney | Catherine Tan, Andrew Stolper, Jacob Post, Sheena Smith, Rich Folk, James Wilson, Jason Krieck, Jerry Bloch | PDF | Email between clients and attorneys regarding request for information concerning Pandora Marketing, LLC's employees and independent contractors in furtherance of defensive strategy. | Attorney client privilege / Work-product /common-interest privilege | Pandora 286423 | 1 |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**EXHIBIT C**



Case No. 6:19-cv-1908-Orl-78-EJK

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4. | 4/10/2020 3:20 pm | Catherine Tan | Pandora Marketing 's Rep | Jonathan Parrott, Andrew Stolper, Jacob Post, Sheena Smith, Rich Folk, James Wilson, Jason Krieck, Jerry Bloch, | PDF | Email between clients and attorneys regarding request for information concerning Pandora Marketing, LLC's employees and independent contractors in furtherance of defensive strategy. | Attorney client privilege / Work-product /common-interest privilege | Pandora 286423 | 1 |
| 5. | | | | | .xlsx | Attachment to email sent at 4/10/2020 at 3:20 pm regarding spreadsheet of information requested by attorneys regarding employees and independent contractors in furtherance of defensive strategy. | Attorney client privilege / Work-product /common-interest privilege | Pandora 286426 | 1 |
| 6. | 4/10/2020 7:11 pm | Jonathan Parrott | Attorney | Bo Wilson, Rich Folk, Jason Krieck, Catherine Tan, Jerry Bloch, Andrew Stolper, Jonathan Vine, Sheena Smith, Jacob Post | PDF | Email between attorneys and clients discussing third parties and communications. | Attorney client privilege / Work-Product / Common-interest privilege | Pandora 283766 | 1 |
| 7. | 4/13/2020 8:47 am | Andrew Stolper | Attorney | Rich Folk Catherine Tan | PDF | Email regarding conference and strategy re: discussions with third parties in furtherance of defensive strategy. | Attorney client privilege / Work-Product | Pandora 283760  Pandora 283756 | 1 |
| 8. | 4/13/2020 11:59 (PST) / 2:59 pm | Rich Folk | Client | Andrew Stolper | PDF | Email regarding conference and strategy re: discussions with third parties in furtherance of defensive strategy. | Attorney client privilege / common-interest privilege | Pandora 283756 – 283757  Pandora 283760 | 2 |
| 9. | 4/14/2020 1:36 pm | Catherine Tan | Pandora Marketing 's Rep. | Rich Folk Andrew Stolper | PDF | Email regarding conference with attorneys on defensive strategy concerning third-parties and lead generation in furtherance of defensive strategy. | Attorney client privilege / common-interest privilege | Pandora 283763 – 283764  Pandora 283760 | 2 |
| 10. | 4/14/2020 2:01 pm | Andrew Stolper | Attorney | Catherine Tan and Rich Folk | PDF | Email between attorneys and clients speaking with | Work-product / | Pandora 283760 - 283761 | 2 |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No. 6:19-cv-1908-Orl-78-EJK

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | attorney and meeting (attorney responding to items listed as number 2 on list.) | Attorney client privilege | | |
| 11. | 4/18/2020 1:28 am | Catherine Tan | Pandora Marketing's Rep. | Jacob Post, Jonathan Parrot | PDF | Email between clients and attorneys regarding request for information concerning employees and independent contractors for Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC case in furtherance of defensive strategy. | Work-product / Attorney client privilege | Pandora 286381-286382  Pandora 286406 286407 | 2 / 2 |
| 12. | 4/18/2020 3:10 pm | Rich Folk | Client | Catherine Tan, Jacob Post, Jonathan Parrot, James Wilson, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | PDF | Email between clients and attorneys regarding request for information concerning employees and independent contractors for Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC case in furtherance of defensive strategy. | Work-product / Attorney client privilege | Pandora 286380-286381  Pandora 286405 - 286406 | 2 |
| 13. | 4/19/2020 9:05 am | Jacob Post | Attorney | Catherine Tan | PDF | Email between attorneys and clients regarding request for clarification of facts in furtherance of drafting discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories in furtherance of defensive strategy. | Work-product / Attorney client privilege | Pandora 286380  Pandora 286405 | 1 |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING · 222 LAKEVIEW AVENUE, SUITE 120 · WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 · (561) 683-8977 FAX

Case No. 6:19-cv-1908-Orl-78-EJK

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 14. | 4/19/2020 1:12 pm | Rich Folk | Client | Jacob Post Catherine Tan, Jonathan Parrott, James Wilson, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | PDF | Email between attorneys and clients regarding request for clarification of facts in furtherance of drafting discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories in furtherance of defensive strategy. | Work-product / Attorney client privilege | Pandora 286379-286380 Pandora 286404 - 286405 | 2 |
| 15. | 4/19/2020 10:21 am | Jacob Post | Attorney | Rich Folk, Catherine Tan, Jonathan Parrott, James Wilson, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | PDF | Email between attorneys and clients regarding request for clarification of facts in furtherance of drafting discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories in furtherance of defensive strategy. | Work-product / Attorney client privilege | Pandora 286379 Pandora 286355 Pandora 286403 | 1 |
| 16. | 4/19/2020 10:35 am | Rich Folk | Client | Jacob Post, Catherine Tan, Jonathan Parrott, James Wilson, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Block, Courtney Dean, Leslie Vargo | PDF | Email between attorneys and clients regarding discussing clarifications of facts in furtherance of drafting discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories in furtherance of defensive strategy. | Work-product / Attorney client privilege | Pandora 286379 Pandora 286355 – 286356 Pandora 286403 | 1 |
| 17. | 4/19/2020 2:55 pm | Catherine Tan | Pandora Marketing's Rep. | Rich Folk, Jacob Post, Catherine Tan, Jonathan Parrott, James | PDF | Email between attorneys and clients regarding discussion to discuss clarifications of facts | Work-product / Attorney client privilege | Pandora 286379 Pandora 286355 | 1 |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No. 6:19-cv-1908-Orl-78-EJK

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Wilson, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Block, Courtney Dean, Leslie Vargo | in furtherance of drafting discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories in furtherance of defensive strategy. | | Pandora 286402-286403 | |
| 18. | 4/20/2020 11:46 am | Sheena Smith | Attorney | Catherine Tan, Rich Folk, Jacob Post, Jonathan Parrot, James Wilson, Andrew Stolper, Jonathan Vine, Sheena D. Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | Email between attorneys and clients regarding discussion to discuss clarifications of facts in furtherance of drafting discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories in furtherance of defensive strategy. | PDF | Work-product / Attorney client privilege | Pandora – 286378

Pandora 286354 – 286355

Pandora 286402 | 1 |
| 19. | 4/20/2020 11:46 am | Jacob Post | Attorney | Catherine Tan, Rich Folk, James Wilson, Jonathan Parrott, Andrew Stolper, Jonathan Vine, Sheena D. Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | Email between attorneys and clients regarding finalized draft discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories in furtherance of finalizing the same for serving. | PDF | Work-product / Attorney client privilege | Pandora 286377

Pandora 286353-286354

Pandora 286401 | 1 |
| 20. | 4/20/2020 2:14 pm | Jacob Post | Attorney | Catherine Tan, Rich Folk, James Wilson, Jonathan Parrott, Andrew Stolper, Jonathan Vine, Sheena D. Smith, Jerry | Email between attorneys and clients regarding revisions to draft discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts | PDF | Work-product / Attorney client privilege | Pandora 286376

Pandora 286351 – 286352 | 1 |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No. 6:19-cv-1908-Orl-78-EJK

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Bloch, Courtney Dean, Leslie Vargo | Hawaii Collection Development, LLC's Frist Set of Interrogatories. | | |
| 21. | 4/20/2020 4:32 pm | Catherine Tan | Pandora Marketing's Rep. | PDF | Jacob Post Rich Folk, James Wilson, Jonathan Parrot, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | Email between attorneys and clients regarding revisions to draft discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories. | Work-product / Attorney client privilege | Pandora 286376-286377  Pandora 286353  Pandora 286401 | 2 |
| 22. | 4/20/2020 3:28 pm | Jacob Post | Attorney | PDF | Catherine Tane, Rich Folk, James Wilson, Jonathan Parrot, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | Email between attorneys and clients regarding factual revisions to draft discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories. | Work-product / Attorney client privilege | Pandora 286350-286351 | 1 |
| 23. | 4/20/2020 5:14 pm | Jacob Post | Attorney | PDF | Catherine Tane, Rich Folk, James Wilson, Jonathan Parrot, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | Email between attorneys and clients regarding factual questions/clarification in furtherance of drafting revisions to draft discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories. | Work-product / Attorney client privilege | Pandora 286400 | 1 |
| 24. | | | | .docx | | Attachment to email sent at 4/20/2020 at 5:14 pm regarding revised responses to discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection | Work-product / Attorney client privilege | Pandora 286409 | 14 |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No. 6:19-cv-1908-Orl-78-EJK

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Development, LLC's Frist Set of Interrogatories. | | | |
| 25. | 4/20/2020 6:20 pm | Catherine Tan | Pandora Marketing's Rep. | Jacob Post Rich Folk, James Wilson, Jonathan Parrot, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | PDF | Email between attorneys and clients regarding revisions to draft discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories. | Work-product / Attorney client privilege | Pandora 286375 - 286376 Pandora 286351 | 2 |
| 26. | 4/20/2020 6:28 pm | Jacob Post | Attorney | Catherine Tan Rich Folk, James Wilson, Jonathan Parrott, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | PDF | Email between attorney and clients regarding revisions to draft discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories. | Work-product / Attorney client privilege | Pandora 286375 | 1 |
| 27. | | | | | .docx | Attachment to email sent at 4/20/2020 6:28 pm regarding revised responses to discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories. | Work-product / Attorney client privilege | Pandora 286385 | 15 |
| 28. | 4/20/2020 6:50 pm | Catherine Tan | Pandora Marketing's Rep. | Jacob Post, Rich Folk, James Wilson, Jonathan Parrot, Andrew Stolper, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | PDF | Email between attorney and clients regarding discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories. | Work-product / Attorney client privilege | Pandora 286350 | 1 |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No. 6:19-cv-1908-Orl-78-EJK

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 29. | | | | | Attach ment | Discovery responses to Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC's Frist Set of Interrogatories. | Work-product / Attorney client privilege | Pandora 286359 | 16 |
| 30. | 4/27/2020 5:19 pm | Jacob Post | Attorney | Rich Folk, James Wilson, Catherine Tan, Jonathan Parrot, Andrew Stolper, Isaac Marcushamer, Maritza Nowowiejski, Jonathan Vine, Sheena Smith, Jerry Bloch, Courtney Dean, Leslie Vargo | PDF | Email between attorneys and clients regarding recent filings in Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC case. | Work-product / Attorney client privilege | Pandora 271435 | 2 |
| 31. | | | | | PDF | Attachment to email between 4/27/2020 email 5:19 pm attorneys and clients regarding recent filings in Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC case. | Work-product / Attorney client privilege | Pandora 271437 | 103 |
| 32. | | | | | PDF | Attachment to email between 4/27/2020 email 5:19 pm attorneys and clients regarding recent filings in Diamond Resorts U.S. Collection Development, LLC and Diamond Resorts Hawaii Collection Development, LLC case. | Work-product / Attorney client privilege | Pandora 271540 | 15 |
| 33. | 8/1/2020 5:33 pm | Eric Kittler | RAG's client rep | Darrell Hall, Catherine Tan, Jonathan Parrot, Jason K, Mike Krieck | PDF | Email between attorneys and client's representatives regarding documents BBB referrals and discovery in | Attorney Work-Product / Attorney client privilege/com | Pandora 270908 | 1 |

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING · 222 LAKEVIEW AVENUE, SUITE 120 · WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 · (561) 683-8977 FAX

Case No. 6:19-cv-1908-Orl-78-EJK

| | | | | | | furtherance of responding to discovery. | mon-interest privilege | | |
|---|---|---|---|---|---|---|---|---|---|

| KEY | |
|---|---|
| **Name** | **Title/Position/Role** |
| Rich Folk | Client / Member of Pandora Marketing, LLC |
| James Wilson | Client / Member of Pandora Marketing, LLC |
| Catherine Tan | Pandora Marketing, LLC's Operations Director |
| Jason Krieck | Resort Advisory Group's Rep. |
| Jerry Bloch | General Counsel |
| Andrew Stolper | Outside counsel – Frank, Sims, and Stolper |
| Jonathan Parrott | Outside counsel – Frank, Sims, and Stolper |
| Maritza Nowowiejski | Legal Assistant - Frank, Sims, and Stolper |
| Isaac Marcushamer | Local counsel - Mark Migdal & Hayden |
| Jonathan Vine | Outside counsel – Cole, Scott & Kissane, P.A. |
| Sheena Smith | Outside counsel – Cole, Scott & Kissane, P.A. |
| Jacob Post | Outside counsel – Cole, Scott & Kissane, P.A. |
| Leslie Vargo | Legal Assistant to Sheena Smith and Jonathan Vine |
| Courtney Dean | Legal Assistant to Jacob Post |

Dated: September 12, 2020

Respectfully submitted,

COLE SCOTT & KISSANE, P.A.
222 Lakeview Avenue Suite 120
West Palm Beach, FL 33401
Tel: (561) 383-9200
Fax: (561) 683-8977
jonathan.vine@csklegal.com;
Sheena.Smith@csklegal.com

*/s/ Sheena D. Smith*
JONATHAN VINE
FBN: 010966
SHEENA D. SMITH
FBN: 118919

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No. 6:19-cv-1908-Orl-78-EJK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of September 2020, the foregoing was serve to those parties identified on the below Service List.

## SERVICE LIST

Glennys Ortega Rubin, Esq.
Michael James Quinn, Esq.
Todd Fredrick Korbin, Esq.
Alfred J. Bennington, Jr., Esq.
**SHUTTS & BOWEN, LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Email: grubin@shutts.com
Email: mquinn@shutts.com
Email: tkorbin@shutts.com
Email: bbennington@shutts.com
    *Counsel for the Plaintiffs*

Andrew Stolper, *pro hac vice*
Jonathan Parrott, *pro hac vice*
Frank Sims Stolper
19800 MacArthur Blvd., Suite 855
Irvine, CA 92612
(949) 201-2400

Isaac Meyer Marcushamer, Esq.
**MARK MIGDAL & HAYDEN**
80 SW 8th Street, Suite 1999
Miami, Florida 33130
Email: isaac@markmigdal.com

*Counsel for Defendant Intermarketing Media, LLC*

Brian L. Wagner, Esq.
W. Scott Gabrielson, Esq.
**MATEER & HARBERT, P.A.**
225 East Robinson Street, Suite 600
Orlando, Florida 32801
Email: bwagner@mateerharbert.com
Email: sgabrielson@mateerharbert.com
*Counsel for Defendants Slattery, Sobel & Decamp, LLP, Del Mar Law Group, LLP, Carlsbad Law Group, LLP, JL "Sean" Slattery*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
ORLANDO DIVISION

CASE NO: 19-CV-01908-WWB-EJK

WYNDHAM VACATION OWNERSHIP,
INC., WYNDHAM VACATION RESORTS,
INC., WYNDHAM RESORT DEVELOPMENT
CORPORATION, SHELL VACATIONS,
LLC, SVC-AMERICANA, LLC and
SVC-HAWAII, LLC,

        Plaintiffs,

vs.

SLATTERY, SOBEL & DECAMP, LLP,
DEL MAR LAW GROUP, LLP, CARLSBAD
LAW GROUP, LLP, JL 'SEAN' SLATTERY
PANDORA MARKETING, LLC f/k/a Timeshare
Compliance, LLC d/b/a TimeShare Compliance, and
d/b/a timeshareexitcompanies.com and d/b/a
timesharecancellationreviews.com; PANDORA
SERVICING, LLC, INTERMARKETING MEDIA,
LLC. d/b/a Resort Advisory Group, POWER HAUS
MARKETING, INC., KENNETH EDDY a/k/a
Ken Eddy, RICH FOLK, WILLIAM WILSON
a/k/a James Wilson a/k/a Bo Wilson and ANDRIS
PUKKE a/k/a Marc Romeo a/k/a Andy Storm,

        Defendants.

_____/

## AMENDED DECLARATION OF HOUSTON S. PARK III

I, Houston S. Park III, pursuant to 28 U.S.C. Section 1746, hereby declare:

1.      I am a Partner in the Florida law firm of Klein Park & Lowe, P.L. ("Klein

Park");



EXHIBIT
*E*

Case No:19-CV-01908-WWB-EJK
Declaration of Houston S. Park III
Page 2

2.     Klein Park represented the Co-Defendants, Pandora Marketing, LLC, Pandora Services, LLC, William Wilson, and Rich Folk ("Pandora Parties"), in the above-styled proceedings from November 11, 2020 to November 29, 2021;

3.     At no time during Klein Park's representation of the Pandora Parties was I aware of the contents of any Confidential Settlement Agreement As To Fees, reportedly dated November 2, 2020 and entered into by one or more of the Pandora Parties, the Co-Defendant Intermarketing Media, LLC, d/b/a Resort Advisory Group, and the Plaintiffs ("Confidential Settlement Agreement");

4.     I had been told that a settlement agreement had been reached on the attorney's fees ordered to be paid as a result of a discovery dispute and that the amount of those fees was confidential; but nothing else.

5.     I first heard about the contents of the Confidential Settlement Agreement during a February 25, 2022 telephone conference with current counsel for the Pandora Parties in these proceedings, John Bennett, Esq.

FURTHER AFFIANT SAYETH NOT.

## VERIFICATION

Pursuant to §1746, Title 28, United States Code, I, Houston S. Park III, hereby declare and state under penalties of perjury that the foregoing statements are true and correct.

Dated this 7th day of April 2022.

*/s/ Houston S. Park III*
Houston S. Park III
Fla. Bar No: 958492
KLEIN PARK & LOWE, P.L.
9130 S. Dadeland Blvd., Suite 2000
Miami, FL 33156
Tel: 305.670.3700
Fax: 305.670.8592

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
ORLANDO DIVISION

CASE NO: 19-CV-01908-WWB-EJK

WYNDHAM VACATION OWNERSHIP,
INC., WYNDHAM VACATION  RESORTS,
INC., WYNDHAM RESORT DEVELOPMENT
CORPORATION, SHELL VACATIONS,
LLC, SVC-AMERICANA, LLC and
SVC-HAWAII, LLC,

      Plaintiffs,

vs.

SLATTERY, SOBEL & DECAMP, LLP,
DEL MAR LAW GROUP, LLP,  CARLSBAD
LAW GROUP, LLP, JL 'SEAN' SLATTERY
PANDORA MARKETING, LLC f/k/a Timeshare
Compliance, LLC d/b/a TimeShare Compliance, and
d/b/a timeshareexitcompanies.com and d/b/a
timesharecancellationreviews.com; PANDORA
SERVICING, LLC, INTERMARKETING MEDIA,
LLC. d/b/a Resort Advisory Group, POWER HAUS
MARKETING, INC., KENNETH EDDY a/k/a
Ken Eddy, RICH FOLK, WILLIAM WILSON
a/k/a James Wilson a/k/a Bo Wilson and ANDRIS
PUKKE a/k/a Marc Romeo a/k/a Andy Storm,

      Defendants.

_____/

## DECLARATION OF HOUSTON S. PARK III

I, Houston S. Park III, pursuant to 28 U.S.C. Section 1746, hereby declare:

1.    I am a Partner in the Florida law firm of Klein Park & Lowe, P.L. ("Klein
Park");

Case No:19-CV-01908-WWB-EJK
Declaration of Houston S. Park III
Page 2

2.    Klein Park represented the Co-Defendants, Pandora Marketing, LLC, Pandora Services, LLC, William Wilson, and Rich Folk ("Pandora Parties"),  in the above-styled proceedings from November 11, 2020 to  November 29, 2021;

3.    At no time during Klein Park's representation of the Pandora Parties was I aware of any Confidential Settlement Agreement As To Fees, reportedly dated November 2, 2020 and entered into by one or more of the Pandora Parties, the Co-Defendant Intermarketing Media, LLC, d/b/a Resort Advisory Group, and the Plaintiffs ("Confidential Settlement Agreement");

4.    I first heard about the Confidential Settlement Agreement during a February 25, 2022 telephone conference with current counsel for the Pandora Parties in these proceedings, John Bennett, Esq.

FURTHER AFFIANT SAYETH NOT.

### VERIFICATION

Pursuant to §1746, Title 28, United States Code, I, Houston S. Park III, hereby declare and state under penalties of perjury that the foregoing statements are true and correct.

Dated this 4th day of April 2022.

/s/ *Houston S. Park III*
Houston S. Park III
Fla. Bar No: 958492
KLEIN PARK & LOWE, P.L.
9130 S. Dadeland Blvd., Suite 2000
Miami, FL 33156
Tel: 305.670.3700
Fax: 305.670.8592

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**
**CIVIL DIVISION**

PANDORA MARKETING, LLC, a Wyoming
limited liability company; PANDORA
SERVICING, LLC, a Wyoming limited
liability company; RICH FOLK, an individual
and resident of the State of California;
WILLIAM WILSON, an individual and
resident of the State of California,

     Plaintiffs,

  v.                            Case No.:  2023-CA-014245-O

WYNDHAM VACATION OWNERSHIP,
INC. a Delaware corporation; WYNDHAM
VACATION RESORTS, INC., a Delaware
corporation, WYNDHAM RESORT
DEVELOPMENT CORPORATION; an
Oregon Corporation; SHELL VACATIONS,
LLC, an Arizona limited liability company;
SVC-AMERICANA, LLC, an Arizona limited
liability company; and SVC-HAWAII, LLC, a
Hawaii limited liability company;

     Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in the above-styled cause upon the Defendant, **SHELL VACATIONS, LLC, by serving its
Registered Agent, Corporation Service Company, 8825 N. 23rd Avenue, Suite 100, Phoenix,
Arizona 85021**.

     Each Defendant is hereby required to serve written defenses to said Complaint on **Eric B.
Jontz**, Plaintiff's attorney, whose address is **Fishback Dominick LLP,, 1947 Lee Road, Winter
Park, FL 32789**, within 20 days after service of this Summons upon you, exclusive of the day of
service, and to file the original of said written defenses with the Clerk of Court either before service

on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.

Tiffany Moore Russell
CLERK OF THE COUNTY COURT

BY: /s/ John Warmouth          08/08/2023

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801



**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida 32801, Telephone 407-836-2303 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CG S:\EBJ\1 Eric Jontz\1 - Eric Jontz CLIENTS\Pandora Marketing, et al. - Wyndham P555-27470\PANDORA\Complaint drafts\Summons - Shell Vacations LLC.docx

Filing # 179101587 E-Filed 08/07/2023 04:30:58 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA
## CIVIL DIVISION

PANDORA MARKETING, LLC, a Wyoming
limited liability company; PANDORA
SERVICING, LLC, a Wyoming limited
liability company; RICH FOLK, an individual
and resident of the State of California;
WILLIAM WILSON, an individual and
resident of the State of California,

        Plaintiffs,

        v.                                            Case No.: 2023-CA-014245-O

WYNDHAM VACATION OWNERSHIP,
INC. a Delaware corporation; WYNDHAM
VACATION RESORTS, INC., a Delaware
corporation, WYNDHAM RESORT
DEVELOPMENT CORPORATION; an
Oregon Corporation; SHELL VACATIONS,
LLC, an Arizona limited liability company;
SVC-AMERICANA, LLC, an Arizona limited
liability company; and SVC-HAWAII, LLC, a
Hawaii limited liability company;

        Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in the above-styled cause upon the Defendant, **SVC-AMERICANA, LLC, by serving its
Registered Agent, Corporation Service Company, 8825 N. 23rd Avenue, Suite 100, Phoenix,
Arizona 85021**.

      Each Defendant is hereby required to serve written defenses to said Complaint on **Eric B.
Jontz**, Plaintiff's attorney, whose address is **Fishback Dominick LLP,, 1947 Lee Road, Winter
Park, FL 32789**, within 20 days after service of this Summons upon you, exclusive of the day of
service, and to file the original of said written defenses with the Clerk of Court either before service

on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.

Tiffany Moore Russell
CLERK OF THE COUNTY COURT

BY: /s/ John Warmouth    08/08/2023

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801



**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida 32801, Telephone 407-836-2303 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CG S:\EBJ\1 Eric Jontz\1 - Eric Jontz CLIENTS\Pandora Marketing, et al. - Wyndham P555-27470\PANDORA\Complaint drafts\Summons - SVC-Americana.docx

2

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**
**CIVIL DIVISION**

PANDORA MARKETING, LLC, a Wyoming
limited liability company; PANDORA
SERVICING, LLC, a Wyoming limited
liability company; RICH FOLK, an individual
and resident of the State of California;
WILLIAM WILSON, an individual and
resident of the State of California,

      Plaintiffs,

      v.                           Case No.: 2023-CA-014245-O

WYNDHAM VACATION OWNERSHIP,
INC. a Delaware corporation; WYNDHAM
VACATION RESORTS, INC., a Delaware
corporation, WYNDHAM RESORT
DEVELOPMENT CORPORATION; an
Oregon Corporation; SHELL VACATIONS,
LLC, an Arizona limited liability company;
SVC-AMERICANA, LLC, an Arizona limited
liability company; and SVC-HAWAII, LLC, a
Hawaii limited liability company;

      Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in the above-styled cause upon the Defendant, **SVC-HAWAII, LLC, by serving its Registered
Agent, Corporation Service Company, 1003 Bishop Street, Suite 1600 – Pauahi Tower,
Honolulu, Hawaii 96813**.

      Each Defendant is hereby required to serve written defenses to said Complaint on **Eric B.
Jontz**, Plaintiff's attorney, whose address is **Fishback Dominick LLP,, 1947 Lee Road, Winter
Park, FL 32789**, within 20 days after service of this Summons upon you, exclusive of the day of
service, and to file the original of said written defenses with the Clerk of Court either before service

on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.

Tiffany Moore Russell
CLERK OF THE COUNTY COURT

BY: */s/ John Warmouth*     08/08/2023

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida 32801, Telephone 407-836-2303 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CG S:\EBJ\1 Eric Jontz\1 - Eric Jontz CLIENTS\Pandora Marketing, et al. - Wyndham P555-27470\PANDORA\Complaint drafts\Summons - SVC-Hawaii.docx

2

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA
## CIVIL DIVISION

PANDORA MARKETING, LLC, a Wyoming
limited liability company; PANDORA
SERVICING, LLC, a Wyoming limited
liability company; RICH FOLK, an individual
and resident of the State of California;
WILLIAM WILSON, an individual and
resident of the State of California,

       Plaintiffs,

      v.

WYNDHAM VACATION OWNERSHIP,
INC. a Delaware corporation; WYNDHAM
VACATION RESORTS, INC., a Delaware
corporation, WYNDHAM RESORT
DEVELOPMENT CORPORATION; an
Oregon Corporation; SHELL VACATIONS,
LLC, an Arizona limited liability company;
SVC-AMERICANA, LLC, an Arizona limited
liability company; and SVC-HAWAII, LLC, a
Hawaii limited liability company;

       Defendants.

_____/

Case No.: 2023-CA-014245-O

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant, **WYNDHAM RESORT DEVELOPMENT CORPORATION, by serving its Registered Agent, Corporation Service Company, 1127 Broadway Street, NE, Suite 310, Salem, Oregon 97301**.

    Each Defendant is hereby required to serve written defenses to said Complaint on **Eric B. Jontz**, Plaintiff's attorney, whose address is **Fishback Dominick LLP,, 1947 Lee Road, Winter Park, FL 32789**, within 20 days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of Court either before service

on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.

<div align="center">

Tiffany Moore Russell
**CLERK OF THE COUNTY COURT**

BY: /s/ John Warmouth          08/08/2023



Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

</div>

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida 32801, Telephone 407-836-2303 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CG S:\EBJ\1 Eric Jontz\1 - Eric Jontz CLIENTS\Pandora Marketing, et al. - Wyndham P555-27470\PANDORA\Complaint drafts\Summons - Wyndham Resort Development.docx

Filing # 179101587 E-Filed 08/07/2023 04:30:58 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**
**CIVIL DIVISION**

PANDORA MARKETING, LLC, a Wyoming
limited liability company; PANDORA
SERVICING, LLC, a Wyoming limited
liability company; RICH FOLK, an individual
and resident of the State of California;
WILLIAM WILSON, an individual and
resident of the State of California,

       Plaintiffs,

      v.                                                                   Case No.: 2023-CA-014245-O

WYNDHAM VACATION OWNERSHIP,
INC. a Delaware corporation; WYNDHAM
VACATION RESORTS, INC., a Delaware
corporation, WYNDHAM RESORT
DEVELOPMENT CORPORATION; an
Oregon Corporation; SHELL VACATIONS,
LLC, an Arizona limited liability company;
SVC-AMERICANA, LLC, an Arizona limited
liability company; and SVC-HAWAII, LLC, a
Hawaii limited liability company;

       Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in the above-styled cause upon the Defendant, **WYNDHAM VACATION OWNERSHIP,
INC., by serving its Registered Agent, Corporation Service Company, 1201 Hays Street,
Tallahassee, Florida 32301**.

     Each Defendant is hereby required to serve written defenses to said Complaint on **Eric B.
Jontz**, Plaintiff's attorney, whose address is **Fishback Dominick LLP,, 1947 Lee Road, Winter
Park, FL 32789**, within 20 days after service of this Summons upon you, exclusive of the day of
service, and to file the original of said written defenses with the Clerk of Court either before service

on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.



Tiffany Moore Russell
**CLERK OF THE COUNTY COURT**

BY: /s/ John Warmouth      08/08/2023

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida 32801, Telephone 407-836-2303 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CG S:\EBJ\1 Eric Jontz\1 - Eric Jontz CLIENTS\Pandora Marketing, et al. - Wyndham P555-27470\PANDORA\Complaint drafts\Summons - Wyndham Vacation Ownership.docx

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA
## CIVIL DIVISION

PANDORA MARKETING, LLC, a Wyoming
limited liability company; PANDORA
SERVICING, LLC, a Wyoming limited
liability company; RICH FOLK, an individual
and resident of the State of California;
WILLIAM WILSON, an individual and
resident of the State of California,

     Plaintiffs,

v.

WYNDHAM VACATION OWNERSHIP,
INC. a Delaware corporation; WYNDHAM
VACATION RESORTS, INC., a Delaware
corporation, WYNDHAM RESORT
DEVELOPMENT CORPORATION; an
Oregon Corporation; SHELL VACATIONS,
LLC, an Arizona limited liability company;
SVC-AMERICANA, LLC, an Arizona limited
liability company; and SVC-HAWAII, LLC, a
Hawaii limited liability company;

     Defendants.

_____/

Case No.: 2023-CA-014245-O

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in the above-styled cause upon the Defendant, **WYNDHAM VACATION RESORTS, INC.,
by serving its Registered Agent, Corporation Service Company, 1201 Hays Street,
Tallahassee, Florida 32301**.

     Each Defendant is hereby required to serve written defenses to said Complaint on **Eric B.
Jontz**, Plaintiff's attorney, whose address is **Fishback Dominick LLP,, 1947 Lee Road, Winter
Park, FL 32789**, within 20 days after service of this Summons upon you, exclusive of the day of
service, and to file the original of said written defenses with the Clerk of Court either before service

on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint or petition.

Tiffany Moore Russell
CLERK OF THE COUNTY COURT

BY: /s/ John Warmouth      08/08/2023

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida 32801, Telephone 407-836-2303 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CG S:\EBJ\1 Eric Jontz\1 - Eric Jontz CLIENTS\Pandora Marketing, et al. - Wyndham P555-27470\PANDORA\Complaint drafts\Summons - Wyndham Vacation Resorts.docx

IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT
      PLAN AND ORDER

_____/

## STANDING CASE MANAGEMENT PLAN/ORDER
### (Streamlined Track)

      PURSUANT TO *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts*, **Fla. Admin. Order No. AOSC20-23 (Amendment 12) (April 13, 2021)**, and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management.  Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan.  It is hereby

      **ORDERED** that:

      1.     **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:**  The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court.  FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.  If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin.  The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

      2.     **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following:  (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)**; (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) **any division-specific guidelines that may be applicable**.

3.      **MODIFICATION OF THIS ORDER:**  The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.      **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case.  Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

### CASE MANAGEMENT PLAN – STREAMLINED TRACK

*Note:  All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 60 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 45 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 275 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case.  A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 11 months<br>*Actual Date to be set by Trial Order* |
|---|---|
| Approximate Trial Date: | 12 months<br>*Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial.  The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the <u>Ninth Circuit website</u>.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the <u>Florida Handbook on Civil Discovery Practice</u> and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida.

Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:   Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY:  Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021