UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PANDORA MARKETING, LLC,
PANDORA SERVICING, LLC, RICH
FOLK and WILLIAM WILSON,

           Plaintiffs,

v.                                       Case No.: 6:23-cv-1513-WWB-EJK

WYNDHAM VACATION OWNERSHIP,
INC., WYNDHAM VACATION
RESORTS, INC., WYNDHAM RESORT
DEVELOPMENT CORPORATION,
SHELL VACATIONS, LLC, SVC-
AMERICANA, LLC and SVC-HAWAII,
LLC,

           Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion for Remand (Doc. 23) and Defendants' Response in Opposition (Doc. 31). For the reasons set forth below, the Motion for Remand will be granted.

**I.    BACKGROUND**

This case arises out of the interactions between the parties in another case currently pending before this Court, *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, Case No. 6:19-cv-1908-WWB-EJK (M.D. Fla.) (the "**Underlying Litigation**"). (Doc. 1-1 at 9). During the Underlying Litigation, Defendants were sanctioned by the Court for knowingly utilizing privileged and confidential documents that Plaintiffs had inadvertently disclosed. (*Id.* at 9–10). The parties entered into a Confidential Settlement Agreement ("**CSA**") as to a fee award arising from the sanction.

(*Id.* at 10–11).  After the parties entered the CSA, Plaintiffs alleged that Defendants had repeatedly violated the agreement and sought sanctions, including expenses and fees, in the Underlying Litigation.  *Underlying Litigation*, Doc. Nos. 724, 799.  In addressing those motions in the Underlying Litigation, Magistrate Judge Embry J. Kidd issued a Report and Recommendation ("**R&R**") recommending that the Court find that it lacked an independent basis to exercise ancillary jurisdiction to enforce the CSA.  *Underlying Litigation*, Doc. 841, at *8–12 (M.D. Fla. July 22, 2022).  The Court adopted the R&R over Plaintiffs' objections.  *Underlying Litigation*, Doc. 869, at *5–6 (M.D. Fla. Sept. 16, 2022).

As a result of the Court's holding in the Underlying Litigation, Plaintiffs filed this case in state court to enforce the CSA.  (Doc. 1-1 at 6–7).  Defendants filed a notice of removal based on diversity jurisdiction.  (Doc. 1 at 3).  Therein, Defendants argue that Plaintiffs Rich Folk and William Wilson are citizens of California.  (*Id.* at 5).  Defendants further contend that Plaintiffs Pandora Marketing, LLC ("**PMLLC**") and Pandora Servicing, LLC, are limited liability companies organized in Wyoming, whose sole member as of October 2022 was the Collaborative Administrative Trust ("**CAT**").  (*Id.* at 5–6; Doc. 31-1 at 1; Doc. 31-2 at 6:3–25, 8:14–10:9).  Folk and Wilson are the sole co-trustees of the CAT.  (Doc. 31-2 at 6:3–25).  Defendants are corporations and limited liability companies. (Doc. 1 at 6–7).  The corporate Defendants have citizenship of Delaware, Florida, and Oregon and the limited liability company Defendants are citizens of Delaware and Florida. (*Id.*).

Shortly after this case was filed, counsel for Plaintiffs disclosed the Pandora Marketing, LLC Investment Agreement ("**Investment Agreement**") that purported to transfer a one-percent interest in PMLLC from Wilson and Folk to an individual named

Walter A. Campbell, a Florida citizen. (Doc. 23 at 4, 20–21). The Investment Agreement is dated November 2, 2022, with an effective date of November 1, 2022. (*Id.* at 20). However, an October 2022 amendment to PMLLC's articles of organization ("**October Amendment**") shows that Wilson and Folk withdrew from PMLLC and transferred their 100% interest therein to the CAT. (Doc. 31-1 at 1). Notably, the Investment Agreement does not mention the CAT. (Doc. 23 at 20–21). Nor did Wilson or Folk sign the Investment Agreement in their capacities as co-trustees of the CAT. (*Id.*). There is no evidence that between the October Amendment and the execution of the Investment Agreement that Wilson or Folk regained an interest in PMLLC in their individual capacities.

## II.   LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to jurisdiction "should be resolved in favor of remand to state court." *Id.*

**III.    DISCUSSION**

Plaintiffs first note that Campbell, a member of PMLLC, is a citizen of Florida and so are several Defendants. "Given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise . . . we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (quoting *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1324–25 (10th Cir. 2016) (same). Plaintiffs thus contend there is not complete diversity among the parties and remand is required.

As a preliminary matter, because PMLLC is organized in Wyoming, the Court must perform a choice-of-law analysis. When exercising federal diversity jurisdiction, a district court applies the choice-of-law rules of the state where it sits. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Under Florida's choice of law rules, the law of the state where a foreign limited liability company is organized governs the company's "organization and internal affairs". Fla. Stat. § 605.0901(1)(a). Accordingly, Wyoming law applies to any question regarding PMLLC's organization. Under Wyoming law, a person may become a member of an LLC in three relevant ways: (1) in accordance with the LLC's operating agreement; (2) as a result of a company merger, conversion, or similar transaction; or 3) with the consent of all the members. Wyo. Stat. § 17-29-401(d).

Defendants contend the Investment Agreement is facially defective because although it purports to transfer to Campbell an interest in PMLLC, Wilson and Folk—who signed the Investment Agreement on behalf of PMLLC—had no interest to convey per the October Amendment. Further, Defendants argue, because the Investment Agreement does not mention the CAT and Wilson and Folk did not sign in their capacities as co-trustees, the CAT did not validly consent to the transfer, rendering the Investment Agreement ineffective. Plaintiffs respond that because Wilson and Folk are the sole trustees of the CAT, they have authority to validly convey trust property—here, an interest in PMLLC—despite not expressly acting on behalf of the CAT in the Investment Agreement. *See* Wyo. Stat. § 4-10-815(a)(ii) (providing that except as limited by the terms of the trust, a trustee may exercise "[a]ll powers over the trust property which an unmarried competent owner has over individually owned property").

Defendants insist Wilson and Folk were required to sign the Investment Agreement in their representative capacities, but they have not cited to any relevant authorities supporting their position. Although Wilson and Folk's failure to act expressly as trustees of the CAT does raise doubt as to the effect of the Investment Agreement, Defendants bear the burden of proving that this defect renders the agreement invalid. *Williams*, 269 F.3d at 1319. Defendants have not carried that burden. The Court will therefore construe the Investment Agreement to destroy diversity, depriving the Court of jurisdiction and requiring remand.[1] *See Univ. of S. Ala.*, 168 F.3d at 411 ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

---

[1] Plaintiffs have also argued several procedural grounds for remand to state court. Because the Court has determined it lacks jurisdiction over this case, it will not address the merits of those arguments.

IV. **CONCLUSION**

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Motion for Remand (Doc. 23) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case Number 2023-CA-014245-O.

3. The Clerk is directed to terminate all other pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on December 8, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record